EDWARD H. COGBURN ET AL. *v.* J. POLLOCK ET AL.

INJUNCTION IN AID OF ATTACHMENT.   *Collusive suit by landlord against tenant.*

Attaching creditors of an insolvent can enjoin a sale of the attached property under a fraudulent distress for rent.

APPEAL from the Chancery Court of Noxubee County.

Hon. L. BRAME, Chancellor.

A stock of goods kept for sale by C. C. Eiland, in a store leased by him from Edward H. Cogburn, was, at suit of the latter, distrained for rent, and at once advertised for sale. An attachment subsequently sued out by J. Pollock & Co., creditors of Eiland, was levied on the stock before the sale day. Then Pollock & Co. filed this bill in chancery to enjoin the sale under the distress, on the ground that Cogburn's claim was fraudulent, and the rent suit a collusive arrangement between him and Eiland, who was insolvent, to defeat the complainants' claim. A demurrer to the bill, on the ground that the complainants had no judgment, was overruled, and Cogburn and Eiland appealed.

*Jarnagin & Jarnagin* and *T. J. O'Neel*, for the appellants.

1. A creditor at large cannot maintain a bill like this. *Hilzheim* v. *Drane*, 10 S. & M. 556; *Farned* v. *Harris*, 11 S. & M. 366; *Brown* v. *Bank of Mississippi*, 31 Miss. 454; *Prewett* v. *Land*, 36 Miss. 495; *Vasser* v. *Henderson*, 40 Miss. 519; *Allen* v. *Montgomery*, 48 Miss. 101; *Wiggins* v. *Armstrong*, 2 Johns. Ch. 144; *Williams* v. *Brown*, 4 Johns. Ch. 682; *Snodgrass* v. *Andrews*, 30 Miss. 472; 1 Story Eq. Jur. § 10.

2. The remedy at law is complete. *Hilzheim* v. *Drane*, *ubi supra; Farned* v. *Harris*, *ubi supra.*

*E. Dismukes* and *Foote & Foote*, for the appellees.

1. The lien of the attachment is an answer to the objection of the want of judgment.

2. On principle, a bill by an attachment creditor will lie to prevent a collusive sale of the attached property until the claim of the creditor can be adjudged.

Campbell, J., delivered the opinion of the court.

Although the complainants did not have a judgment, they had obtained a *lien* on the goods by the levy of their attachment, and this gave them standing in the Chancery Court to contest as fraudulent the claim of Cogburn, by virtue of his attachment for rent, which had been first levied, and under which the goods were about to be sold, but which, if collusive and fraudulent, cannot be allowed to appropriate the goods to the prejudice of the rights of the complainants. Their right to maintain the bill is well sustained by authority. Bump on Fraudulent Conveyances, 513; *Stone* v. *Anderson*, 6 Foster (N. H.), 506; *Tappan* v. *Evans*, 11 N. H. 311; *Falconer* v. *Freeman*, 4 Sandf. Ch. 565; *Greenleaf* v. *Mumford*, 30 How. Pr. 30; *Rinchey* v. *Stryker*, 28 N. Y. 45; *Heyneman* v. *Dannenberg*, 6 Cal. 376.

*Decree affirmed and cause remanded for answer.*