## S. L. McBride et al. v. State Revenue Agent et al.

1. Chancery Jurisdiction. *Fraudulent conveyances. Constitution* 1890, § 159. *Code* 1880, § 1843.

   Section 159, constitution 1890, by conferring on the chancery court jurisdiction in all cases of which it had jurisdiction when the constitution was put in operation, confirmed in that court the jurisdiction it possessed under § 1843, code 1880, of bills exhibited by creditors without judgment to set aside fraudulent conveyances and other devices to hinder and delay creditors. Such jurisdiction is not affected by § 31 of the said constitution, declaring that the right of trial by jury shall remain inviolate.

2. Same. *Vacating collusive attachments. Remedy at law.*

   Accordingly, such creditors may proceed in the chancery court to vacate attachments fraudulently sued out through collusion with the debtor,

and to subject the attached property to their demands, and this though, by statute, they have a remedy at law by intervening and contesting the attachments.　*Cogburn* v. *Pollock,* 54 Miss., 639.

3. Constitutional Law.　*Penalties.*　"*Due process of law.*"　*Const.* 1890, § 14.

A legislative act providing for the infliction of a penalty and its collection by summary process, without a judicial proceeding adjudicating the liability, is taking private property without due process of law, and is therefore unconstitutional.　Const. 1890, § 14.

4. Same.　*Sale of liquors.*　*Penalty.*　*Code* 1892, § 1590, *unconstitutional.*

Section 1590, code 1892, in providing that any person unlawfully selling or giving away liquors shall be liable to the state, town and county, each in the sum of $500, imposes a penalty, not a tax.　And so much of the section as provides that the sheriff or state revenue agent can assess and collect such penalties by distress is unconstitutional, being within the prohibition of § 14, constitution 1890, against depriving of property without due process of law.

5. Same.　*Revenue agent.*　*Action for penalties.*　*Code* 1892, § 1590.

The state revenue agent cannot maintain an action for the penalties prescribed by said § 1590, code 1892, against persons unlawfully selling or giving away liquors.　The section itself confers the right of action only on the state, county or town, and chapter 126 of said code, entitled "State Revenue Agent," confers on him a right of action only against fiscal officers and against persons owing unpaid taxes, and the penalty prescribed is not a tax.

From the chancery court of the first district of Carroll county.

Hon. T. B. Graham, Chancellor.

The case is stated in the opinion.

*Percy R. Somerville,* for appellants.

The jurisdiction of the circuit court was first invoked by one of the appellees.　That jurisdiction cannot now be ousted by a resort to equity, even though the relief prayed be peculiar to equity.　1 Pom. Eq. Jur., § 179, and cases cited.　Trial by a jury is a constitutional right, and will be protected.

Section 503, code 1892, does not alter or enlarge the jurisdiction of chancery courts, except where creditors are permitted to file bills before obtaining judgment.　The statutory

right of the complainants to intervene in the attachment suits is admitted. Thus they have a complete remedy at law. *Learned* v. *Holmes*, 49 Miss., 290; *Weddell* v. *Seal*, 45 *Ib.*, 726; *Irwin* v. *Lewis*, 50 *Ib.*, 363. Notwithstanding the *dictum* in *Lowenstein* v. *Aaron*, 69 Miss., 341, I submit that the litigant cannot himself invoke the jurisdiction of law, and then abandon that forum without any averment that his remedy there is inadequate.

So much of § 1590, code 1892, as prescribes the penalty of $1,500 against one unlawfully selling liquors, and making it the duty of the sheriff or state revenue agent to attach therefor, is unconstitutional. It provides a penalty, not a tax. It is an extremely harsh and stringent statute, and makes no provision for a judicial determination of the question of liability. It provides for attachment without bond by such officers, when informed of the sales or gifts of liquors. What becomes of § 23, article 3, of the constitution prohibiting unreasonable seizures?

I submit that the revenue agent is not such a creditor as is contemplated in § 503, code 1892, providing that the creditors may attack fraudulent conveyances, as his acquiring a lien must be confined to the prescribed method of attachment.

*A. H. Somerville* and *Southworth & Stevens*, on the same side.

*Thos. H. Somerville*, for appellees.

The answer to the argument as to jurisdiction is, that under our code the jurisdiction of the circuit and chancery court is concurrent as to setting aside fraudulent conveyances. Complainants had the right to elect their forum, and have exercised it by filing their bill. None of them have intervened in the circuit court; besides, those of the complainants who have not attached are without any adequate remedy in the circuit court. The intervenors in the attachments could not subject the property to their claims. But the question of jurisdiction is settled in this court by *Lowenstein* v. *Aaron*, 69

Miss., 341. The equities of all the parties, could be adjudicated without the issuance and service of an injunction. *Howard* v. *Proskauer*, 57 Miss., 247.

The penalties which the state revenue agent seeks to recover are due the state, county and town respectively. He has full authority under the statute. The attorney-general and district attorney are authorized to bring such suits. Code 1892, §§ 180, 1561.

Cooper, J., delivered the opinion of the court.

Certain creditors of the firm of McBride & Co., and Wirt Adams, revenue agent of the state, exhibited their bill in the chancery court of Carroll county against the members of said firm and against S. L. McBride, E. S. Tusten, Peavy & Harris and Mrs. M. C. Hamilton, attaching creditors of McBride & Co., and against J. S. McCain, the sheriff of the county of Carroll, who has in his possession the property of said firm, seized under said attachments. The averments of the bill are that McBride & Co. were indebted to the complainants, other than the revenue agent, in certain sums, and were indebted to the said revenue agent in the sum of $1,500, viz., $500 for the use of the state of Mississippi, $500 for the use of the county of Carroll and $500 for the use of the town of Carrollton, because of the unlawful sale by said firm of intoxicating liquors in their drug store, in the town of Carrollton, on or about January 1, 1893; that the revenue agent, on the twenty-first of January, A.D. 1893, assessed and demanded the penalties due him by McBride & Co., and thereupon, said firm and S. L. McBride, the father of one of the members of said firm and the uncle of the other, and E. S. Tusten, the mother-in-law of one of said members, colluded and conspired to defeat the claims of said revenue agent and the other complainants; and, to carry out their scheme, said S. L. McBride and E. S. Tusten sued out collusive attachments against the estate of McBride & Co., founded upon simulated demands; that several grounds of attachment are set forth

in the affidavits of said attaching creditors, but, as complainants are informed, the one principally relied on is the tenth, specified in § 129 of the code of 1892, viz.; "That the defendants are buying and selling, or dealing in, or have, within six months next before the suing out of the attachment, directly or indirectly, bought, sold or dealt in future contracts, commonly called 'futures.'" Complainants allege that, if this ground of attachment be true, the act was performed by McBride & Co. collusively with S. L. McBride and Mrs. Tusten, and for the fraudulent purpose of affording them ground for attachment, in order that complainants, as creditors of McBride & Co., should be defrauded and hindered in the collection of their debts.

The complainants show that, after the attachments of S. L. McBride, E. S. Tusten and Peavy & Harris had been sued out and levied upon the estate of McBride & Co., Wirt Adams, as revenue agent, sued out an attachment, and afterwards the defendant, Mrs. Hamilton, sued out her attachment, both of which were levied on the same property, the value of which is insufficient to pay all the attachments levied.

The prayer of the bill is that the fraudulent and collusive attachments be vacated and displaced and the levies thereof be dismissed, and the property sold and its proceeds applied to the payment of complainants' demand.

The defendants filed answers, denying the frauds charged against them, and demurred. Their demurrer was overruled, and they now appeal. The grounds of demurrer assigned are (1) want of equity on the face of the bill; (2) because complainants have a full, adequate and complete remedy at law; (3) because a court of chancery has no jurisdiction; and, as to the relief prayed by the revenue agent, (4) that he had no right to maintain the bill, and (5) that he fails to show that he is a creditor of McBride & Co.

The appellants contend here that the exercise of jurisdiction by the chancery court is a violation of § 31, constitution

1890, which declares that "the right of trial by jury shall remain inviolate."

The first three grounds of demurrer are decided adversely to appellants by the case of *Cogburn* v. *Pollock*, 54 Miss., 639.

In reply to the argument that, to uphold the jurisdiction of equity to subject the attached property to the demands of complainants would be to deny to the defendants their right to a trial by jury, it is only necessary to say that, with us, this question is concluded by our recent constitution. In *Scott* v. *Neely*, 140 U. S., 106, the supreme court of the United States declined to entertain the jurisdiction in equity conferred by § 1843, code of 1880, upon the ground that, to do so, would be violative of the right of the defendant to a trial by jury, secured by the seventh amendment to the constitution of the United States. On the other hand, such statutes have been supported in several states. The subject was fully discussed by the supreme court of Alabama, and the authorities reviewed, in *Railroad Co.* v. *McKenzie*, 85 Ala., 546; and, in the same case, on a subsequent appeal (11 So. Rep., 367), and the jurisdiction of equity upheld.

But, by the constitution of 1890, this jurisdiction was expressly conferred upon our court of chancery. Section 159 declares: "The chancery court shall have full jurisdiction in the following matters and cases: (*a*) All matters in equity; (*b*) divorce and alimony; (*c*) matters testamentary and of administration; (*d*) minors' business; (*e*) cases of idiocy, lunacy and persons of unsound mind; (*f*) all cases of which the said court had jurisdiction under the laws in force when this constitution is put in operation."

The code of 1880 was in force when the constitution became operative, and, by § 1843 thereof, it was provided that "the said [chancery] courts shall have jurisdiction of bills exhibited by creditors who have not obtained judgments at law, or, having judgments, have not had executions returned unsatisfied to set aside fraudulent conveyances of property, or other devices resorted to for the purpose of hin-

dering, delaying or defrauding. creditors, and may subject the property to the satisfaction of the demands of such creditors, as if complainant had a judgment and execution thereon returned no property found."

The only remaining question is whether the demand made by the revenue agent is such as may be enforced by him in this action?

Section 1590 of the code of 1892 is as follows: "Any person who may sell or give away liquors unlawfully, or allow the same to be sold or given away at his place of business, for any purpose whatever, shall be subject to pay the state, county and the city, town or village where the offense is committed, each, the sum of five hundred dollars; and it shall be the duty of the sheriff and state revenue agent, or either, to assess and collect such sums whenever he is informed that such sales or gifts have been made; and such persons shall be liable to a criminal prosecution, as in other cases, and, in addition, the state, county, city, town or village may sue for and recover civilly, either jointly or separately, each, the said sum of five hundred dollars; and such civil suit may be commenced by attachment without bond."

The original of this section is found in § 1109, code 1880, which was as follows: "Merchants and others carrying on any business or trade, who may sell or give away liquors, either vinous or spirituous, at their places of business, in less quantities than one pint, for any purpose whatever, shall be subject to pay the regular retail tax fixed by the county or corporate authorities of the place where such business is conducted; and it shall be the duty of the sheriff to assess and collect such tax whenever he is informed that such sales or gifts have been made; and such persons, on conviction, shall be fined in a sum not exceeding one hundred dollars."

By section two of the act of February 24, 1890 (Laws, p. 11), it was further provided that persons unlawfully retailing vinous, spirituous or malt liquors should be civilly liable to the state for the highest amount such person should have.

paid for the privilege of retailing. Section 1590 was doubt-. less formulated from section 1109 of the code of 1880 and the act of February 24, 1890. But there is a fundamental and radical difference between the former laws and this section. In effect, the former laws.declared that the unlicensed dealer in.intoxicating liquors should not escape the tax imposed by law for the privilege. They were intended to coerce payment of the privilege tax which the dealer should have paid before engaging in the business, and, under § 1109, code 1880, the sheriff, as tax-collector, was empowered and directed to collect the sum the party should have paid. Manifestly, the collection was to be by distress, unless payment should be made on demand, and, as a tax, the remedy for its collection was the ordinary and usual one. By the act of February 24, 1890, a civil liability, subjection to the ordinary suits at law, was also declared in favor of the state. But the right to institute or prosecute the civil suit was not vested in the tax-collector; the collection he was to make was by distress, for the charge was yet treated as a tax, to be collected as such, with the added remedy of a civil action by the state, to be prosecuted by such agencies as it should designate.

Section .1590, code 1892, manifestly and without doubt, imposes a penalty and not a tax, a part of which is given to the municipality in which the " offense is committed." Though the very nature and character of the charge is thus changed, the language of pre-existing statutes was retained, and the sheriff and revenue agent were authorized and directed to assess and collect the sums for payment of which the offender was made liable.

It certainly requires no argument or citation of authorities to uphold the proposition that it is not within the power of the legislature to provide for the infliction of a penalty, and its collection, by summarily, without a judicial proceeding, fixing it upon the party to be charged. The constitutional provision, by which it is declared that " no person shall be deprived of life, liberty or property except by due process of

law" (constitution 1890, § 14), would be practically abrogated if it should be held within legislative competency to commit to the hands of an executive officer the exercise of the power of seizing the property of the citizen to enforce an unadjudged penalty.

The decision of this court upon the questions which have been presented touching the constitutionality of legislation in reference to this officer, the revenue agent, have all been along the same line, and within narrow limits.    We have felt constrained, by our duty under the constitution, to declare that the legislature may not devolve upon him the absolute power to adjudge a delinquency and enforce a mere legislative sentence, nor to displace the machinery of the constitution and substitute its own for the assessment and collection of taxes.

We have declared that it is competent for the legislature to direct and declare in what manner and by what persons existing rights of action of the state or a municipality may be prosecuted.    But we have held, and must always hold, that the state may not, by a mere legislative declaration, create a right and enforce it by its executive officer, and we must now decide that so much of § 1590, code 1892, as authorized the sheriff and revenue agent to assess and collect by distress the penalty thereby imposed, is violative of § 14 of the constitution of 1890.    The penalty prescribed is not a tax, and it is not and cannot be made one by the mere authority to " assess " it as such.

It is unfortunate that the civil action given to the state, counties and municipalities by the concluding clause of the section was not authorized to be instituted by the revenue agent, as it well might have been.    But the right to sue is, by the clause, limited to the state, county or municipality, and is not conferred on this officer.

We have carefully considered the provisions of chapter 126, on the subject of the state revenue agent, with the hope of finding some authority therein given to the agent to main-

tain this suit, but have discovered none. The suits authorized by that chapter are limited to actions against delinquent fiscal officers, or against persons owing unpaid taxes, and, as we have said, the penalty imposed by § 1590 is not a tax.

*Reversed, demurrer sustained and bill dismissed as to Wirt Adams, revenue agent; otherwise affirmed, and cause remanded, with leave for answer in thirty days after mandate filed.*