### McMillen *v.* Anderson.

1. The revenue laws of a State may be in harmony with the Fourteenth Amendment to the Constitution of the United States, which declares that no State shall deprive any person of life, liberty, or property without due process of law, although they do not provide that a person shall have an opportunity to be present when a tax is assessed against him, or that the tax shall be collected by suit.

2. A statute which gives a person against whom taxes are assessed a right to enjoin their collection, and have their validity judicially determined, is due process of law, notwithstanding he is required, as in other injunction cases, to give security in advance.

Error to the Supreme Court of the State of Louisiana.

The petition in the case alleges that the defendant, on the
19th of April, 1873, broke into the store of the plaintiff, and
carried away certain merchandise, and prays for an injunction.
Upon the plaintiff giving the required bond and security, an
injunction restraining the defendant from further trespass, and
from advertising and selling the property which he had already
seized, was granted.

The defendant set up that the plaintiff was a delinquent tax-
payer, and that in making the seizure the defendant was acting
in the discharge of his duty as tax-collector of the parish of
Carroll, Louisiana, under the act of that State, of March 14,
1873, which provides : —

"That in all cases of neglect or refusal to pay their licenses of
any description by any person, firm, company, or corporation doing
business in this State, the tax-collector shall give ten days' written
or printed notice to such delinquent tax-payer to pay such licenses,
if such delinquent can be found; otherwise, the notice shall be given
by publication for ten days in the official journal, if there be one in
the parish; if there be no official journal published in the parish,

------------

[1] For the final decision of the Land Department upon the survey made, see
Copp's Public Land Laws, 534–540.

the notice may be posted at the court-house door; and if at the expiration of said notice the license, together with all costs, be not fully paid, the tax-collector may, without any judicial formality, proceed to seize and sell, after ten days' advertisement, the property, rights, and credits of such delinquent tax-payer, or so much thereof as may be necessary to satisfy the claims of the State as aforesaid, together with all the costs and charges.

"That all causes which may be commenced hereafter in any of the courts of this State, in which it is sought to enjoin the collection of any licenses or taxes whatever, whether State or parish, general or special, imposed by competent authority, shall be regarded as preference cases, and the court shall proceed to final trial and determination of the same at the earliest moment compatible with the ends of justice; and tax-collectors shall not be liable for damages for prosecuting such cases; and, upon a dissolution of any injunction hereafter granted to enjoin or delay the collection of any such taxes so levied or imposed upon any person or property in this State, the court ordering such injunction to be dissolved shall enter a decree against the person or persons suing out the same, and his or their securities, on their injunction bond for the sum of one hundred per cent. on the amount of all taxes the collection of which was so delayed or enjoined, and all costs of suits; and said decrees shall be enforced as other decrees are enforced, and the money collected and paid into the proper treasury.

"That the tax-payers who are now or shall become delinquents by the non-payment of taxes on real estate, as provided for in this act, and shall have been so returned upon the rolls of the tax-collector to the auditor of public accounts, the auditor shall publish in the official journal of the parish in which such delinquent resides, or by public notice, when there is no official journal, by three insertions within ten days, the name, residence of, and amount due from, such delinquent tax-payer; and such delinquent tax-payer shall after thirty days forfeit his right to bring suit or be a witness for or in his own behalf before any justice, parish, district, or State court; and every court having jurisdiction within the State shall deny and refuse to issue a civil process of any kind or nature whatever in his own name or for his own benefit, until he shall, if a resident of the parish of Orleans, have procured from the auditor of public accounts, or, if a resident of a country parish, from the tax-collector thereof, a certificate setting forth that all such claims for delinquent taxes and costs thereon against such delinquent tax-payer have been paid."

The revenue law in relation to licensing or taxing retail merchants and retailers of spirituous liquors, provides as follows: —

"There shall be levied and collected an annual amount as a license or tax . . . from each and every retail merchant, fifteen dollars; . . . . from the proprietors of all coffee-houses, beer saloons or gardens, or cabarets, eighty-five dollars; all retail groceries selling by the glass shall pay, in addition to the grocery license, a coffee-house license."

The amount of tax claimed to be due upon the business of the plaintiff was the sum of one hundred dollars. The injunction was dissolved, and a judgment rendered in favor of the defendant. That judgment having been affirmed by the Supreme Court of the State, the plaintiff brought the case here, and assigns for error that the statute under which the defendant acted deprived the plaintiff of his property without due process of law, and is, therefore, in violation of the Fourteenth Amendment to the Constitution of the United States, and void.

*Mr. J. E. Leonard* for the plaintiff in error.

Although taxes may be collected summarily and without the aid of the courts, there must be due process of some kind. It is not in the power of the legislature to make any process due process of law. *Murray's Lessee* v. *Hoboken Land Company*, 18 How. 272; *Allen* v. *Armstrong*, 16 Iowa, 508; *Ervine's Appeal*, 16 Penn. St. 256. The so-called license, the collection of which is resisted by the plaintiff, is, in reality, a tax. A license to sell liquor is granted only by the parish; the State then taxes the occupation or traffic. Rev. Stat. La., sect. 2779.

The act deprives the plaintiff of his property without due process of law, because it condemns him without a hearing. It fixes the tax to be paid by a retail liquor-dealer, but points out no method by which it may be ascertained whether a particular person is such a dealer. No one can be condemned without an opportunity to be heard. *Fisher* v. *McGirr*, 1 Gray (Mass.), 1.

If the tax-collector's proceedings were authorized by the law (and the State court has decided that they were), he was armed by the statute with a general search-warrant, and that.

too, unsupported by oath.   *Entick* v. *Carrington*, 19 St. Tr.
1030 ; *Attorney-General* v. *Racine*, 4 Mee. & W. 419.

The legislature cannot change the legal presumptions of
evidence, nor declare that an individual shall be deemed to
be guilty of a particular crime or to owe a particular debt,
until he proves the contrary.   *Wynehamer* v. *People*, 13 N. Y.
447.

The plaintiff was not permitted under the law of Louisiana
to contest the claim of the State, until he had given security
for the payment of costs and penalties as a condition for hav-
ing a hearing.   The law, therefore, establishes one rule for the
rich and another for the poor.   He who has neither wealth,
nor wealthy friends to become his sureties, is not allowed a
hearing under any circumstances.   This is not due process of
law.   *Greene* v. *Briggs*, 1 Curt. 325.

No counsel appeared for the defendant in error.


Mʀ. Jusᴛɪᴄᴇ Mɪʟʟᴇʀ delivered the opinion of the court.

The defendant, tax-collector of the State of Louisiana for
the parish of Carroll, seized property of the plaintiff, and was
about to sell it for the payment of the license tax of one hun-
dred dollars, for which the latter, as a person engaged in busi-
ness, was liable.   In accordance with the laws of Louisiana,
plaintiff brought an action in the proper court of the State for
the trespass, and in the same action obtained a temporary
injunction against the sale of the property seized.   Defendant
pleaded that the seizure was for taxes due, and that his
duty as collector required him to make it.   On a full hearing,
the court sustained the defence, and gave a judgment under the
statute against plaintiff and his sureties on the bond for double
the amount of the tax, and for costs.

Plaintiff thereupon took an appeal to the Supreme Court of
Louisiana, and in his petition for appeal alleged that the law
under which the proceedings of defendant were had is void,
because it is in conflict with the Constitutions of Louisiana
and of the United States, and, as he now argues, is specifically
opposed to the provision of the Fourteenth Amendment of the
latter, which declares that no State shall deprive any person of
life, liberty, or property without due process of law.

The judgment of the Supreme Court of Louisiana, to which the present writ of error is directed, affirming that of the inferior court, must be taken as conclusive on all the questions mooted in the record except this one. It must, therefore, be conceded that plaintiff was liable to the tax; that, if the law which authorized the collector to seize the property is valid, his proceedings under it were regular; and that the judgment of the court was sustained by the facts in the case.

Looking at the Louisiana statute here assailed — the act of March 14, 1873, — we feel bound to say, that, if it is void on the ground assumed, the revenue laws of nearly all the States will be found void for the same reason. The mode of assessing taxes in the States by the Federal government, and by all governments, is necessarily summary, that it may be speedy and effectual. By summary is not meant arbitrary, or unequal, or illegal. It must, under our Constitution, be lawfully done.

But that does not mean, nor does the phrase " due process of law " mean, by a judicial proceeding. The nation from whom we inherit the phrase " due process of law " has never relied upon the courts of justice for the collection of her taxes, though she passed through a successful revolution in resistance to unlawful taxation. We need not here go into the literature of that constitutional provision, because in any view that can be taken of it the statute under consideration does not violate it. It enacts that, when any person shall fail to refuse or pay his license tax, the collector shall give ten days' written or printed notice to the delinquent requiring its payment; and the manner of giving this notice is fully prescribed. If at the expiration of this time the license " be not fully paid, the tax-collector may, without judicial formality, proceed to seize and sell, after ten days' advertisement, the property " of the delinquent, or so much as may be necessary to pay the tax and costs.

Another statute declares who is liable to this tax, and fixes the amount of it. The statute here complained of relates only to the manner of its collection.

Here is a notice that the party is assessed, by the proper officer, for a given sum as a tax of a certain kind, and ten days' time given him to pay it. Is not this a legal mode of proceed-

ing? It seems to be supposed that it is essential to the validity of this tax that the party charged should have been present, or had an opportunity to be present, in some tribunal when he was assessed. But this is not, and never has been, considered necessary to the validity of a tax. And the fact that most of the States now have boards of revisers of tax assessments does not prove that taxes levied without them are void.

Nor is the person charged with such a tax without legal remedy by the laws of Louisiana. It is probable that in that State, as in others, if compelled to pay the tax by a levy upon his property, he can sue the proper party, and recover back the money as paid under duress, if the tax was illegal.

But however that may be, it is quite certain that he can, if he is wrongfully taxed, stay the proceeding for its collection by process of injunction. See Fouqua's Code of Practice of Louisiana, arts. 296–309, inclusive. The act of 1874 recognizes this right to an injunction, and regulates the proceedings when issued to stay the collection of taxes. It declares that they shall be treated by the courts as preferred cases, and imposes a double tax upon a dissolution of the injunction.

But it is said that this is not due course of law, because the judge granting the injunction is required to take security of the applicant, and that no remedial process can be within the meaning of the Constitution which requires such a bond as a condition precedent to its issue.

It can hardly be necessary to answer an argument which excludes from the definition of due process of law all that numerous class of remedies in which, by the rules of the court or by legislative provisions, a party invoking the powers of a court of justice is required to give that security which is necessary to prevent its process from being used to work gross injustice to another.  *Judgment affirmed.*