DicKMAN, J.
It is conceded in the case now under consideration, that before proceeding to condemn the property of the plaintiffs for the purpose of widening Taylor street, the council did not declare by resolution the necessity of such a street improvement, as set forth in section 2304 of the Revised Statutes, and hence gave no notice of its passage to the owners of the abutting property. It is therefore contended that the assessment to pay the cost and expenses of the improvement is void, and that the defendants should be enjoined from collecting or attempting to-collect any part of the same.
Section 2304 provides “When it is deemed necessary by a city or village to make a public improvement, the council shall declare, by resolution, the necessity of such improvement, and shall give twenty days written notice of its passage to the owners of the property abutting upon the improvement, or to the persons in whose names it may be assessed for taxation upon the tax duplicate, who may be residents-of the county, and publish the resolution not less than two-nor more than four consecutive weeks, in some newspaper published, and of general circulation in the corporation.”
There can be no doubt that the resolution declaring the necessity of the improvement is required in a street improvement by construction, as by grading, paving, macadamizing, changing grade, repairing, etc.; but, the question arises, is-such a resolution required in a street improvement by appropriation of property. The language, “when it is deemed necessary to make a public improvement,” is general in its nature; but the word “improvement,” as used in Subdivision I, of chapter 4, of Assessments in General, is not of uniform signification. In some sections of the statute the street improvement contemplated is of one kind, while in other *345 sections provision is made for an improvement of a different character. Whether the term “improvement” refers to condemnation proceedings, or to the construction or repair of a street, must be determined by the connection in which it is used.
In our view, the preliminary resolution provided in section 2304 is not necessary in the appropriation of property for opening, widening, and extending streets. For the purpose of the improvement contemplated, 'the resolution of necessity is a part, and an essential part of the proceeding. But by reading section 2304 in connection with sections 2315 and 2316 of the Revised Statutes — being sections 563, 564 and 565, as revised, of the Municipal Code of 1869 (66 Ohio E. 245) — it will be apparent, that the preliminary resolution and notice thereof refer not to an appropriation deemed necessary to be made, but to an improvement of a constructive character, as by grading, raising or lowering the grade, to which damages are usually incident. Section 2315 provides, that an owner of a lot, or of land, bounding or abutting upon the proposed improvement, and claiming that he will sustain damages thereby, shall within two weeks after the service or the completion of the publication of the notice “mentioned in section 2304” file his claim for damages, with a general description of the property to which it is claimed injury will accrue. The resolution declaring the necessity of the improvement having been brought to the knowledge of the abutting owners, and the time limited for filing claims for damages having expired, by section 2316, the council is to determine whether it will proceed with the proposed improvement, or not; and whether the claims for damages shall be judicially inquired into before commencing, or after the completion of the improvement. The damages inquired into, it is obvious, have no relation to the assessment of compensation to the owner of lands appropriated, provided for in chapter 3, Division 7, Title XII of the Revised Statutes; and the reference in section 2315 to section 2304, would indicate the propriety of reading those two sections together, and construing them in the light of each other. If the damages referred to were such would be *346 incident to an appropriation, they would be included in the compensation for the property appropriated and paid for before the property could be lawfully taken, and would not be inquired into after the taking, or “ after the completion of the improvement.” Railroad Co. v. Ball, 5 Ohio St., 568.
Again, if the preliminary resolution as to the necessity of the improvement is to be held applicable to condemnation proceedings, why, it may be inquired, should provision be made for giving notice of its passage to the owners of property abutting, and not to the owners of adjacent and contiguous or other benefited lots and lands in the corporation, which, under the statute, may also be assessed for the cost and expenses of the appropriation. And, it is evident upon examination, that the resolution has no reference to any assessment that may be subsequently made in connection with an improvement by condemnation of land, or to defray the cost and expenses thereof. The notice to be given is of the passage of the resolution declaring the improvement necessary, and not of any assessment which may be made to pay the cost of such improvement.
The authority to assess in proportion to benefits, or according to value, or by the foot front, for appropriating property for streets, is found in section 2264, of the Revised Statutes, and the assessments therein authorized are to be made as expressed therein “in the manner and subject to the restrictions herein contained. ” That section being in the same sub-division and chapter with section 2304, it is Contended that the preliminary resolution required by the latter section is a restriction that must be complied with, before there can be a legal assessment of the cost of property appropriated for a street improvement. The preliminary resolution does not operate as such a ■ restriction, and as we have before suggested, does not refer to an assessment to pay the cost and expenses of an improvement, but is mainly designed to give notice to the property owner claiming damages by reason of the improvement, to file his claim within a specified time, or be barred' from thereafter filing the same or receiving damages. ,
*347 Restrictions upon assessments, such as those alluded to, may be found in sections 2270, 2271 and 2272, but not in section 2304.
But the question as to .the passage of a resolution declaring the necessity of the improvement should, we think, be taken as settled by the case of Krumberg v. Cincinnati 29 Ohio St. 69, which was an action brought to collect an assessment made on the property of the plaintiff in error therein, to pay for land taken by the city to widen a street. An objection was urged in the court below, in behalf of Krumberg, that the council did not declare by resolution the necessity of widening the street, and publish such resolution, as required by the statute. It was held by this court that, the resolution declaring the necessity of an improvement, which the council is required to pass and publish as provided in section 563 (now revised in section 2304), does not apply to the appropriation of private property to public use, such proceedings being otherwise specially provided for. Section 563 of the Municipal Code of 1869, reads: “When it shall be deemed necessary, by any city or incorporated village, to make any public improvement not otherwise specially provided for, it shall be the duty of the council to declare, by resolution, the necessity of such improvement, and to publish such resolution,” etc. The words, “not otherwise specially provided for,” are omitted in section 2304. But, the fact remains as before the revision of section 563, that a public improvement by the condemnation of private property is still specially provided for, and the retention of those words in-the Revised Statutes might well have been deemed unnecessary, in view of the patent fact of ample provision elsewhere in the statutes for a public improvement of that character.
And if it be contended, that by reason of, the broad signification of the words “public improvement,” in section 2304, the resolution of necessity is to be considered applicable to condemnation proceedings, the special pi ovisions on the subject-matter in chapter 3, on the appropriation of property, will control. In Ohio v. McGregor, 44 Ohio St. 628, it is said: “The courts presume an intention in the legislature to *348 be consistent in the making of laws; and also to have had a purpose in each enactment and all its provisions. Special circumstances often create a necessity for appropriate special provisions, differing from the general rule upon the same subject; and so, where such provision's are found in a statute, different from the general provisions that would apply to the case, the courts must assume that the special provisions were made for adequate reasons, and give them effect by construing them as exceptions to the general rule contained in the general provisions of the statute.”
Furthermore, it is urged in behalf of the plaintiffs in error, that in condemnation, proceedings where assessments are on the foot front plan, as in the case at bar, our laws provide for no notice of an assessment apart from section 2304; that sections 2277 and 2278, of the Revised Statutes, provide only for notice of assessments in proportion to benefits; and that, therefore, if there is no resolution declaratory of the necessity of the improvement, with notice thereof to the owners of the abutting property, in accordance with section 2304, and their property is nevertheless assessed for the cost of the improvement, there will be a taking of property “without due process of law,” and a violation of section 1 of the Fourteenth Amendment of the Constitution of the United States, which provides, that no state shall “deprive any person of life, liberty or property without due process of law.”
Due process of law implies a due course of legal proceedings, according to those rules and forms which have been established for the protection of private rights. If the validity of an assessment is called in question, an opportunity must have been given to resist it, either by allowing a hearing before the imposition thereof, or by providing for an appeal to a court of law afterwards. But as said in McMillen v. Anderson, 95 U. S. 37; it is not, and never has been considered necessary to the validity of a tax, that the party charged should have been present, or had an opportunity to be present, in some tribunal when he was assessed. In that case it was held, that a statute which gives a person against whom taxes are assessed a right to enjoin their collection, and have their validity judicially determined,-is due process *349 of law, notwithstanding be is required, as in other injunction cases, to give security in advance. In Davidson v. New Orleans, 96 U. S. 97, it was said by Mr. Justice Miller: “Whenever, by the laws of a state, or by state authority, a tax, assessment, servitude, or other burden is imposed upon property for the public use, whether it be for the whole state or of some more limited portion of the community, and those laws provide for a mode of confirming or contesting the charge thus imposed, in the ordinary courts of justice, with such notice to the person, or such proceeding in regard to the property as is appropriate to the nature of the case, the judgment in such proceedings cannot be said to deprive the owner of his property without due process of law, however obnoxious it may be to other objections. * * * * It is not possible to hold that a party has, without due process of law, been deprived of his property, when, as regards the issues affecting it, he has, by the laws of the state, a fair trial in a court of justice, according to the modes of proceeding applicable to such a case.” These principles have been reaffirmed in the opinion of Mr. Chief Justice Fuller, in Walston v. Nevin, 128 U. S. 578.
The inquiry is suggested, what is the remedy by which, in Ohio, the property owner may test the illegality of an assessment? By Section 5848 of the Revised Statutes, “Courts of common pleas and superior courts shall have jurisdiction to enjoin the illegal levy of taxes and assessments.” An opportunity is here-afforded to establish the invalidity of the tax or assessment; and with such privilege, if judgment is rendered against the property owner in the suit, it cannot be properly said that his rights of property have been determined without due process of law or judicial investigation. Tone v. Columbus, 39 Ohio St. 301, 302; Stephan v. Daniels, 27 Ohio St. 536: Steese v. Oviatt, 24 Ohio St. 253. Between the passage of the condemnation and assessment ordinances and an advertisement of a tax sale, ample time elapses, and ample notice of the proceedings to appropriate and assess is provided for to enable the owner to go into court, and contest the assessment by application for injunction.
*350 If special assessments are not paid by tbe time stipulated in the ordinance providing for the same, they may be recovered by suit, or the lien therefor may be enforced in the name of the corporation against the property owners. Revised Statutes, § § 2285,2286,2294. And in a suit to recover the assessment or to enforce the lien therefor, the owner of the property assessed may set up in defense the illegality of the assessment. In Murdock v. Cincinnati, 25 Weekly Raw Bulletin 26, U. S. Circuit Court, S. D. O., it was said by JacesoN, J., “It appears that the city of Cincinnati is now proceeding by civil suit in the state courts, against complainant, to collect the assessment in question. To that suit complainant may interpose any and all defenses going either to the validity or regularity of such assessments. Such suit gives him a full opportunity to be heard, and affords him the privilege of presenting every objection that can possibly be made, either under the Constitution of the United States, or under the Constitution and laws of Ohio, to the validity of the assessment. It cannot be questioned that the judgment which may be rendered against complainant in said suit, will constitute “due process of law.” If the owner of assessed property may have the benefit of the law of the land or due process of law, in a suit against him by the corporation making the assessment, he may also have the benefit in a suit by himself against the corporation, wherein the same questions can be determined.
In the case, Central Ohio Railroad Co. v. The City of Columbus, decided by this court, without report, Decémber 17,1889, (23 Weekly Raw Bulletin 3), and referred to by counsel, the original action was brought by the city to recover an assessment upon the land of the company, for a street improvement by grading, paving and graveling. It was contended by the company, that the notice provided in section 2304 had no reference to any assessment that might be subsequently made in connection with the improvement, or to the defrayal of the cost and expenses thereof, and that the assessment had therefore been made upon the property of the defendants without notice, and was a taking of their property without due process of law. But this court affirmed *351 the judgment of the circuit court, and found no invasion of the constitutional rights of the railroad company.
In connection with the case at bar, we have examined the two cases, The City of Cincinnati v.J. G. Rademacher, begun in the Court of Common Pleas - of Hamilton County, to enjoin an assessment to pay for opening Burns street, and the case, The City of Cincinnati et al. v. Lars Auderson, Executor, commenced in the Superior Court of Cincinnati,to enjoin an assessment to pay for widening Ravine street. In the first case, we find no error in the judgment of the court of common pleas, and are of opinion that the circuit court erred in reversing the judgment of that court as to the third cause of action set forth in the petition below. In the second case, in which there was a condemnation of land to widen Ravine street, we have considered the question of a preliminary estimate of the probable cost of the improvement, and of a recommendation by the Board of Public Affairs, and of the passage of a resolution declaring the necessity of widening Ravine street, and we find that the superior court in general term erred in reversing the judgment of the superior court in special term. In the two cases judgment should be rendered in accordance with such findings.
In the case at bar, our conclusion is, that the judgment of the circuit court should be affirmed.

ftdgment accordingly.