COMMONWEALTH *vs.* CHARLES F. CRANE.

Suffolk.   January 31, 1893. — March 1, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Oleomargarine — Sale from Wagon without Placard " on both sides " — Statute.*

A complaint under the St. of 1891, c. 412, § 4, for selling oleomargarine from a wagon, at a time and place named, the defendant "not having then and there on both sides of said vehicle the placard, in uncondensed Gothic letters not less than three inches in length, ' Licensed to sell Oleomargarine,' " is supported by proof that the defendant's wagon was a covered one, with the front and rear ends open; that on the inside of the cover on each side was a placard, in form and size such as the statute requires; that these placards could be seen from the front and rear of the wagon, but could not be seen from the sides thereof; and that there were no placards on the outer sides of the wagon.

At the trial of a complaint under the St. of 1891, c. 412, § 4, for selling oleomargarine from a wagon, at a time and place named, the defendant "not having then and there on both sides of said vehicle the placard, in uncondensed Gothic letters not less than three inches in length, 'Licensed to sell Oleomargarine,'" the defendant has no ground of exception to the refusal of the judge to rule that this section of the statute "is in conflict with the act of Congress of August 2, 1886, and the rules and regulations of the commissioner of internal revenue thereunder, and is therefore unconstitutional and void."

LATHROP, J.   This is a complaint under the St. of 1891, c. 412, § 4, for selling oleomargarine from a wagon, at a time and place mentioned, the defendant " not having then and there on both sides of said vehicle the placard, in uncondensed Gothic letters not less than three inches in length, ' Licensed to sell Oleomargarine.' "   The statute in question requires such a placard to be placed " on both sides " of the vehicle.   The defendant's wagon was a covered one, with the front and rear ends open.   On the inside of the cover on each side was a placard, in form and size such as the statute requires.   These placards could be seen from the front and rear of the wagon,

but could not be seen from the sides thereof. There were no placards on the outer sides of the wagon.

The defendant admits that the purpose of the act was to protect the public against fraud, and to provide an additional safeguard by requiring pedlers who sell oleomargarine from wagons, and have the opportunity to cheat and deceive, to notify the public that they deal in oleomargarine. He further admits that the purpose was that the placards should be placed where they could be seen. While we have no doubt that this is the purpose of the act, we cannot concede that the defendant has complied with it; and we are of opinion that placing the placards on the inside of the cover of the wagon was a mere device to evade the manifest intent of the Legislature.

The only other question which has been argued arises from the refusal of the court below to give this ruling: "That the section of this act which requires every one who sells and delivers oleomargarine from a cart, wagon, or other vehicle, to put on both sides of said cart, wagon, or other vehicle, the sign 'Licensed to sell Oleomargarine' is in conflict with the act of Congress of August 2, 1886, and the rules and regulations of the commissioner of internal revenue thereunder, and is therefore unconstitutional and void."

The contention of the defendant is that the commissioner of internal revenue has made certain regulations which require the place of business of a person intending to sell oleomargarine to be stated, and that the license issued to him states the place; and it said that selling from a wagon is not allowed. Hence it is argued that, as our statute compels a man to do that which is illegal and criminal under the federal law, our statute is unconstitutional and void.

There are several answers to this argument. The regulations of the commissioner of internal revenue are not made part of the report in this case; and we cannot assume the facts to be as stated by the defendant. There is nothing in the act of August 2, 1886, which is inconsistent with our law. The authority given to the commissioner of internal revenue to make all needful regulations for the carrying into effect of the act does not authorize the imposition of a penalty by a regulation where none is imposed by the act. *United States*

v. *Eaton*, 144 U. S. 677. If the defendant had a license under the act of August 2, 1886, and has paid a tax, this affords him no immunity. Section 3 of that act, by incorporating § 3243 of the United States Revised Statutes into it, expressly repels the inference that the payment of such a tax will legalize the traffic, and implies that the prohibition or regulation of such traffic by State legislation is permissible. *State* v. *Newton*, 21 Vroom, 534.

As we find no error in the rulings of the justice of the Superior Court before whom the case was tried, according to the terms of the report the entry must be,

*Verdict of guilty to stand.*

*H. M. Ayars*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.