IN THE MATTER OF THE APPLICATION FOR REBATE OF LIQUOR TAX OF MRS. ATHELIA SMITH AND C. L. SMITH, Appellants.

**Intoxicating Liquors:** MULCT TAX. That one who sells intoxicating liquors does not obtain a consent or comply with other provisions of Acts Twenty-fifth General Assembly, chapter 62, imposing a tax against all persons selling intoxicating liquors does not relieve him from liability for such tax, although section 17 provides that after obtaining a written statement of consent the payment of

such tax shall on certain conditions bar proceedings under the statute prohibiting the business.

Notice of. No notice of the assessment and levying of a tax on premises in which intoxicating liquors are sold by a lessee thereof need be given to the owner under Acts Twenty-fifth General Assembly, section 11, which contemplates that the person liable to the tax shall appear and pay the same without notice.

Rights of lessor. A lessor of premises under a lease expressly providing that they shall be used for hotel purposes, only, cannot escape liability for a tax for the sale of intoxicating liquors on such premises under an act passed after the execution of the lease, on the ground that the lease was in existence at the passage of such act, where he knew of the sale of liquors on such premises before the tax was levied and took no steps to terminate the lease for violation of its terms.

*Appeal from Hamilton District Court.*—Hon. D. R. Hindman, Judge.

## Saturday, December 18, 1897.

*George Wambach* for appellant.

*George C. Olmstead,* county attorney, for appellee Hamilton County.

Kinne, C. J.—I. C. L. Smith and Jacob M. Funk are the owners of a brick building and the ground upon which the same is situated, in Webster City, Iowa. They acquired the ownership of the property in 1893. On July 10, 1893, they leased it to one Wright, for a term of five years from August 1, 1893; said lease being in writing, and expressly providing that the property should be used for hotel purposes only. In 1894, and while Wright was in possession under his lease, a mulct tax of one hundred and fifty dollars was assessed against the property. August 31, 1894, appellants filed a petition with the county auditor asking the board of supervisors to rebate and cancel said tax. The board, on a hearing of the application, confirmed the levy of said

tax. From the action of the board an appeal was taken to the district court, which resulted in a judgment confirming the assessment and levy of said tax. From the judgment of the district court this appeal is taken.

II.    Appellant's contention is (1) that the tax is invalid because no petition of consent has been secured, or filed with the proper officer; (2) that none of the other provisions of the statute preliminary to the right to sell have been had; (3) that, as the lease was made prior to the passage of the mulct law, the lessors were not bound to anticipate such legislation, and their rights must be determined by the law in force when the lease was executed; (4) that the assessment was void because no notice was given the property owners. We proceed to consider the points made in the order of their presentation:

In section 1 of chapter 62 of the Acts of Twenty-fifth General Assembly it is provided: "There shall be assessed against every person, partnership, or corporation, other than registered pharmacists holding permits, engaged in selling or keeping with intent to sell, any intoxicating liquors, and upon any real property and the owner thereof, within or whereon intoxicating liquors are sold, or kept with intent to sell in this state, a tax of six hundred dollars per annum.    *    *    *" Section 2 of the same act provides: "It shall be the duty of the assessor of each township, incorporated town or city, in the months of December, March, June and September of each year, to return to the auditor of each county a list of places with name of occupant or tenant, and owner or agent, where intoxicating liquors are sold, or kept for sale as herein contemplated, with a description of the real property wherein or whereon such traffic is conducted." Section 9 provides for levy by the board of supervisors at their September meeting of an annual tax of six hundred dollars against each person

carrying on or conducting a place for the sale of intoxicating loquors, and also against the real property, and the owner thereof, in which, or upon which, said place is located. Sections 10 to 15 provide for the collection of the tax. In section 17 it is provided that, in any city of five thousand or more inhabitants, the tax may be paid quarterly in advance, and that after a written statement of consent, signed by the requisite number of voters, is filed with the county auditor, such payment, upon certain conditions named, shall bar proceedings under the statute prohibiting such business. Section 16 expressly provides that the act shall not be construed to mean that the business of selling intoxicating liquors is legalized. Under the provisions of this statute, the tax provided for is to be assessed against every person, other than registered pharmacists holding permits, who is engaged in selling, or in keeping with intent to sell, intoxicating liquors, and upon the real property, and the owner thereof, in or upon which such liquors are sold, or kept with intent to sell. The tax is to be assessed regardless of the fact that no petition of consent has been secured and filed. The tax is on the traffic, and is to be assessed whether the one who sells or keeps for sale the liquors has complied with the other provisions of the act which would exempt him from prosecution or not. This taxing feature of the law is general, and the only case in which it does not apply is to registered pharmacists holding permits. It is therefore of no consequence, so far as assessing and collecting the tax is concerned, that the seller has not complied with the other provisions of the act. What we have said disposes of the first two points made by the appellant. It is to be remembered that the provisions of the act, a compliance with which bars prosecution under the prohibitory liquor laws, are independent of the taxing provisions, and the only effect of

a compliance with them is to release the seller from the penalties to which he would otherwise be liable.

III. There is no force in the claim that, as the parties entered into the lease prior to the enactment of the law, they cannot be affected by its provisions. The lease expressly provides that the premises should be used for hotel purposes only. The evidence shows that the owners of the property knew in 1894 of the seizure of liquors on this property, and it affirmatively appears that, although such keeping of liquor for sale by their tenants was in violation of the terms of the lease, they took no steps to terminate the lease. The seizure was made only two or three months after the law took effect. We do not determine whether the tax could be levied against the property of the appellants, for the sale of liquors by their tenant, if they had no knowledge of such illegal sales. Having knowledge of such sales only a short time after the law went into effect, and having power, under the terms of their lease, to terminate the tenancy for a violation of its provisions, and failing to take any steps in that direction, they are in no situation to complain of the assessment of the tax against their property.

IV. As we have said, this taxing feature of the statute applies to all cases of the sale or keeping for sale of intoxicating liquors, except as to registered pharmacists having permits. No notice to the lot owner of the assessment and levy was necessary. It was a tax to be assessed and levied, by virtue of a general law, upon certain persons and property which came within the provisions of the act. The statute contemplates that the person liable to the tax shall appear and pay the same without notice. Acts Twenty-fifth General Assembly, chapter 62, section 11. There was no more necessity for notice to the property owner than in case of taxes generally. We

have not discussed the cases cited by counsel, as they are not applicable to the questions presented.— AFFIRMED.