R. E. HODGE AND MRS. J. TABOR, Appellants, v. MUSCATINE
·COUNTY *et al.*, Appellees.

**Taxation:** CIGARETTE LAW: CONSTRUCTION OF STATUTE. Code
1   section 5007 imposes a tax on buildings used in the manufac-
ture or sale of cigarettes and provides that the tax shall be
"assessed, collected and distributed" as the mulct liquor tax.
*Held*, that such reference makes the sections of the mulct
liquor law in relation to the assessment and collection of that
tax a part of the cigarette law as though fully written out
therein, and must be taken into consideration in the construc-
tion of that statute.

**Mulct Tax:** NOTICE OF ASSESSMENT AND LEVY. The mulct tax pro-
2   vided in Code section 5007 is a tax upon the traffic in cigar-
ettes, and the same is not unconstituional by reason of the fact
that no notice of the assessment and levy of the tax is re-
·quired to be given the person engaged in the business or the
·owner of the property wherein the same is conducted.

**Collection of Tax:** SUMMARY METHOD. A statute is not uncon-
3   stitutional because providing for the collection of a tax by a
summary proceeding.

*Appeal from Muscatine District Court.*—HON. W. F.
BRANNAN, Judge.

THURSDAY, OCTOBER 22, 1903.

SUIT in equity to enjoin defendants from assessing,
levying, or collecting a cigarette mulct tax, upon the prop-
·erty of plaintiff Tabor, which was used by plaintiff Hodge,
for the purpose of retailing tobacco and cigars, on the
ground that the provisions of the "mulct law" authorizing
·such tax are unconstitutional and void as applied to an
owner of property which has been leased to another. The
trial court dismissed plaintiffs' petition, and they appeal.
—*Affirmed.*

*Dunshee & Dorn* (J. Parker of Counsel) for appellants.

No appearance for appellee.

DEEMER, J. —As the case involves the constitutionality of certain statutes, it seems necessary, although they are familiar to the profession, to set some of them out in *extenso*. Section 5006 of the Code forbids in general terms the manufacture, sale, exchange, or disposition of cigarettes or cigarette paper. Section 5007 reads as follows:

"Tax on Sale. There shall be assessed a tax of three hundred dollars per annum against every person, partnership or corporation, and upon the real property, and the owner thereof, within or whereon any cigarettes, cigarette wrapper, or any paper made or prepared for use in making cigarettes, or for the purpose of being filled with tobacco for smoking, are sold or given away, or kept with the intent to be sold, bartered or given away under any pretext whatever. Such tax shall be in addition to all other taxes and penalties, shall be assessed, collected and distributed in the same manner as the mulct liquor tax, and shall be a perpetual lien upon all property, both personal and real, used in connection with the business; and the payment of such tax shall not be a bar to prosecution under any law prohibiting the manufacturing of cigarettes, or cigarette paper or selling, bartering or giving away the same. But the provisions of this section shall not apply to the sales by jobbers and wholesalers in doing an interstate business with customers outside of the state."

The sections referred to in section 5007, relating to the "assessment collection and distribution" of the taxes provided for therein, are in substance (before amendment by the Twenty-Ninth General Assembly) as follows:

"Sec. 2433. In the months of December, March, June and September of each year and before the twentieth day of each of said months the assessor shall return to the auditor a list of persons liable to the tax and a description of the real property whereon the business has been carried on."

"Sec. 2436. On the first day of January, April, July and October of each year there shall be due and payable from each person so returned to the county auditor a quarterly installment of the mulct tax herein provided for, which shall be a lien upon the real property wherein such business is returned as being carried on, whether the person carrying on such a business or maintaining such place is correctly described or not. If such installment is not paid within one month after it becomes due and payable, a penalty of 20 per cent. attaches together with 1 per cent. per month thereafter until it is paid. The person so assessed is liable for at least one quarterly installment whether he quits the business or not.

"Sec. 2437. On the last day of December, March, June and September of each year the county auditor shall certify to the county treasurer a complete list of the names returned to him by the assessor, with a description of the real estate and the names of the occupant, and the owner or agent of such property.

"Sec. 2438. The county treasurer shall thereupon enter upon the book known as the mulct tax book a quarterly installment of the mulct tax as due and payable by the person carrying on such business, as a lien and charge upon and against the real property wherein or whereon such business is carried on.

"Sec. 2439. After the expiration of one month from the date when such tax becomes due, if not paid it shall be delinquent and collectable by the treasurer in the same method as that in which other delinquent taxes are collectable and all the provisions as to collection of other delinquent taxes shall apply. Tax sales for said delinquent taxes shall also be made on the first Monday in June of each year.

"Sec. 2440. At any time after a quarterly installment of such taxes becomes delinquent, the treasurer may

collect the same by seizing and selling any personal property used in connection with the business or in maintaining the place."

These are all the provisions of the mulct liquor law with reference to the assessment and collection of the liquor mulct tax. The following provisions of the liquor law with reference to the remission of taxes assessed erroneously are claimed to be applicable to the cigarette business, and in view of such claim we give an abstract of such provisions:

"Sec. 2441. At the meeting of the board of supervisors next following, the listing as aforesaid, application may be made to the board to remit the tax by petition duly verified and filed with the county auditor at least eight days before the time set for the consideration of the case, and notice for the same length of time must be served on the county attorney in writing. The averments of the petition shall be deemed denied and witnesses may be examined, oath being administered by the chairman of the board, with the same effect as to penalties for testifying falsely as if administered in court.

"Sec. 2442. The owner of the property may be heard in support of his application and evidence of the general reputation of the place shall be admissible. If it be found by a majority vote of the board that the tax is proper it shall stand; otherwise it shall be remitted. Either the petitioner or the county attorney may appeal to the district court and if the petitioner appeals he shall be required to give bond for costs accrued and to accrue, whereupon the auditor shall file a transcript in the office of the clerk."

"Sec. 2444. On appeal the trial shall be conducted as an equitable cause."

Appellants contend that section 5007 is void, because it deprives, or may deprive, citizens of their property without due process of law, in that: (1) The law con-

tains no provison for notice to either dealer or real estate owner. (2) The charge imposed by section 5007 is in the nature of a criminal penalty, and the measures provided for its enforcement and collection are not adapted to the ends sought. (3) The attempt to enforce a criminal penalty through the taxing machinery of the state is revolutionary, and contrary to the established principles of justice. (4) The principles embodied in the law in question are arbitrary, unusual, and unknown to "the law of the land," as that term is used and intended in all constitutions. The petition also challenged the act because it was an attempt to regulate interstate commerce, and therefore void. This point is not insisted upon, for the reason, we suppose, that under a substantially similar state of facts it was held in *Cook v. Marshall County*, 119 Iowa, 384, that there was no merit in the contention. That case also holds the act in question properly entitled, and that it is uniform in its operation.

The objections now made to the enactment, as stated by counsel in the quotation made from their brief, nearly all revolve around the central thought that it amounts to

1. CIGARETTE statute: construction. taking of plaintiff's property without due process of law, and is contrary to the law of the land. Incidental to this is the claim that sections 2441-2442 and 2444 do not apply to the case. This is bottomed on the notion that section 5007 does not refer to these sections either in express terms or by necessary implication. The reference to the mulct liquor tax law is as follows: "Such tax * * * shall be assessed, collected and distributed in the same manner as the mulct liquor tax." Sections 2441 *et seq.* are found in this mulct liquor tax law, and it seems to us they refer to the assessment and collection of that tax. They are a part of the proceedings with reference to the assessment and collection of the mulct tax, and are as much a part of the proceedings as if written out at length in section 5007, before quoted. A sec-

tion which relates to the remission or revocation of the tax when embodied in the act authorizing its assessment, and evidently forming one of the inducements to the passage of the act, is as much a part of the law relating to the assessment and collection of the tax as that part expressly authorizing the levy and collection thereof. And in determining the constitutionality of a statute imposing a tax it would be unjust and unreasonable to divorce it from other provisions of the same law, which gave to the person against whom the tax is to be assessed, and from whom the tax is to be collected, a remedy for avoiding that tax. The whole act relating to this subject and germane to the purposes and objects thereof should be considered in arriving at its constitutionality. These sections of the mulct liquor tax law relating to what may be called the remission of the tax, really relate to its enforcement or assessment, and should be considered in determining the constitutionality of section 5007. With this conclusion in mind, we now go to the points made by counsel against the validity of the law.

It differs from the liquor mulct tax in that the payment thereof does not constitute a bar to prosecution under section 5006, which absolutely prohibits the sale of cigarettes. In this it·is peculiar, and this peculiarity constitutes the basis of the attack made upon it. The tax imposed by the mulct liquor law has been held to be a charge or license exacted for the privilege of carrying on the business of vending liquors. *Smith v. Skow*, 97 Iowa, 640. And in *In re Smith*, 104 Iowa, 199, it is held that, as the tax is assessed and levied by virtue of a general law upon all premises and persons which come within the provisions of the act, the persons liable to the same must appear and pay the same without notice. In the opinion it is said: "No notice to the lot owner of the assessment and levy was necessary. * * * There was no more necessity for notice to the property owner than in

cases of taxes generally." In *Ferry v. Deneen,* (Iowa) 82 N. W. Rep. 424, it is said: "It is apparent, taking all the provisions of this act together, that the amount imposed, while called a 'tax,' is at the same time a penalty. We do not think all the rules governing ordinary taxes should control here. * * * The levy is made by the law, * * * and, as used in the act, means scarcely anything more than a formal approval." As to the vender of either cigarettes or liquors, no notice of the assessments or levy of the tax is necessary. The tax is specific, and operates alike upon all who engage in the business. The amount is fixed, and there is nothing left to inquire into and determine. *Ferry v. Campbell,* 110 Iowa, 294; *Gatch v. Des Moines,* 63 Iowa, 718.

But it is contended that the owner of property who is not directly engaged in the unlawful business is entitled to notice, and an opportunity to be heard, before a tax 2. MULCT tax: may be legally levied against his property; notice of assessment and that, as the law does not require such and levy. notice, it is invalid. In order to solve this question, it is necessary. to investigate a little more closely into the nature of the tax imposed by section 5007. It is clearly not a license, for it does not grant permission to do an act which, without such permission, would be invalid. *State v. Hipp,* 38 Ohio St. 206; *Chilvers v. People,* 11 Mich. 43. It is manifestly a tax upon the traffic which the legislature saw fit to impose, not for the purpose of giving countenance to the business, but as a deterrent against engaging therein. It confers no right, but imposes an impediment to the transaction of the business. It is clearly a tax on that business, levied to meet the burdens imposed upon the general public by what is thought to be the result upon the human race, and particularly upon children, of the use of cigarettes. Indemnity and protection to the public against evils resulting from the nature and character of the business is the central thought. It also partakes of the nature of a police regulation, but it is not

to be wholly so regarded. Indeed, we think it may be fairly said to be a tax upon the business. That a tax is imposed for the double purpose of regulation and revenue is no reason for declaiming it invalid. 2 Desty on Taxation, 1384. Being a tax, it was competent for the legislature to prescribe the proceedings and processes for its collection. From the beginning the people of this country have collected taxes through administrative officers, and there has been no suggestion that ordinary judicial processes were necessary to meet the constitutional guaranty of "due process of law." Cooley on Taxation, 49. Power of taxation is inherent in sovereignty, and this power, it has been said, "in its nature acknowledges no boundary." As said by the great chief justice in *McCulloch v. Maryland*, 4 Wheat. 428: "The only security against the abuse of the power is found in the structure of the government itself. In imposing a tax the legislature acts upon its constituents. This is, in general, a sufficient security against erroneous and oppressive taxation." The term "due process of law" is often misapprehended or misapplied. Indeed, it seems impossible to give a definition which is at once perspicuous and satisfactory. When applied to taxation, regard must be had of the nature of the power. As said in *Hagar v. Reclamation Dist.*, 111 U. S. 701 (4 Sup. Ct. Rep. 663, 28 L. Ed. 569): "The power of taxation possessed by the state may be exercised upon any subject within its jurisdiction, and to any extent not prohibited by the Constitution of the United States. It may touch property in every shape,  *  *  *  and the amount of the taxation may be determined by the value of the property, or its use or productiveness. It may touch business in the almost infinite forms in which it is conducted,  *  *  *  unless restrained by provisions of the federal Constitution. The power of the state as to the mode, form, and extent of taxation is unlimited, where the subjects to which it applies are within its jurisdiction."

Following this principle, it has been held that a statute of the state of Michigan, authorizing the treasurer to levy by distress, and sell any goods or chattels found in the possession of the tax debtor and that no claim of property made theieto by any other person should be available to prevent the sale, was valid. *Sears v. Cottrell*, 5 Mich. 251. See, also, *Sheldon v. Van Buskirk*, 2 N. Y. 473. We need not go to this extent in the case now before us, although we have recognzied the principle as applied to innkeepers' liens in *Brown Bros. v. Hunt*, 103 Iowa, 586. On the authority of the Supreme Court of the United States, we do hold that, as to the person actually engaged in the business, it is not necessary that he be present, or that he have an opportunity to be present, when the assessment is made. *McMillen v. Anderson*, 95 U. S. 37 (24 L. Ed. 335); *State R. R. Tax Cases*, 92 U. S. 575 (23 L. Ed. 663). As to the owner of the property, if any notice or opportunity to be heard be necessary, it is sufficient if he be given an opportunity for contesting the charge in the ordinary courts of justice, with such notice to the person, or such proceeding in regard to the property, as is appropriate to the nature of the case. *Davidson v. New Orleans*, 96 U. S. 97 (24 L. Ed. 616).

The Supreme Court of the United States has uniformly adhered to the doctrine that a tax law which provides for a board of revision authorized to hear complaints respecting the justice of an assessment, and prescribes the time during which and the place where such complaints may be made, meets all constitutional requirements. *Palmer v. McMahon*, 10 Sup. Ct. Rep. 327 (33 L. Ed. 772), and cases cited; *Glidden v. Harrington*, 23 Sup. Ct. Rep. 574 (47 L. Ed. 798) (which sustains a similar provision to the act in question). See, also, *Town v. Klamath Co.*, 33 Or. 225 (53 Pac. Rep. 604); *Paulsen v. Portland*, 149 U. S. 30 (13 Sup. Ct. Rep. 750, 37 L. Ed. 637). We have heretofore given our adherence to this doctrine. In *Trustees*

of *Griswold College v. City*, 65 Iowa, 634, we said: "It seems to be agreed, therefore, that property taken for the nonpayment of taxes is not taken without due process of law if the taxpayer is afforded an opportunity to be heard in relation to the tax, though it be only before the officers clothed with power to assess." See, also, *Yeomans v. Riddle*, 84 Iowa, 147. Indeed the rule seems to be elementary. *Board v. R. R. Co.*, 48 N. J. Law, 146 (4 Atl. Rep. 578); *Lent v. Tillson*, 72 Cal. 404 (14 Pac. Rep. 71); *Spencer v. Merchant*, 100 N. Y. 585 (3 N. E. Rep. 682). An act very similar to the one in question was sustained by the Supreme Court of Ohio in *Adler v. Whitbeck*, 44 Ohio St. 539 (9 N. E. Rep. 672). We are constrained to hold that sections 2441 *et seq.*, save the act from the claim of unconstitutionality because of want of notice and opportunity to be heard. The regular meetings of the board are fixed by law, and of these all persons must take notice.

What we have said, and the authorities already cited, answer most of the other contentions made by appellants. There is no requirement of law that such taxes be 3. COLLECTION collected through judicial proceedings. They of tax: summary method. may be enforced through summary processes, such as distraint or tax sale. This is well established by the cases already cited. The two cases relied upon by appellant—*McBride v. Adams*, 70 Miss. 716 (12 South Rep. 699), and *Chauvin v. Valiton*, 8 Mont. 451 (20 Pac. Rep. 658, 3 L. R. A. 196)—are not in point. The first involved a law imposing a fine or penalty for doing an illegal act, which was to be assessed and collected as a tax. This was held invalid because not due process of law. In the second the legislature of Montana undertook to make a license a lien on property, and to provide for the collection thereof by summary process. This was held invalid because of want of notice or opportunity to be heard. In that case the owner of the property was not given an opportunity to contest the charge.

The unreasonableness of the act is not a matter for our consideration. There is nothing arbitrary in a statute which provides for the collection of a tax by summary process. Such proceedings are necessary to secure prompt payment. They existed long before the Constitution was formed, and are in accord with the law of the land. The trial court was right in sustaining the demurrer to the petition, and its judgment is AFFIRMED.