JENNIE NEWTON, Appellee, v. JOHN McKAY, SR., Treasurer of Polk County, and A. W. LAYMAN, Successor of John McKay, Sr., Treasurer, Appellants.

**Constitutional law:** MULCT TAXES: STATUTES: DUE PROCESS: NO-
1   TICE. Code, sections 2433, 2441, 2442, imposing a mulct tax, providing that it shall be a lien on the property where the liquor

is sold and for a hearing on application to remit the tax, are not unconstitutional as depriving the property owner of his property without due process of law, or for insufficient notice or opportunity to be heard with reference thereto.

**Mulct tax not a license:** COLLECTION. The tax imposed by the mulct law is not a license but a tax upon the business, payment of which does not relieve the wrongdoer from any penalty provided by the law; and the tax may be collected the same as other taxes.

**Remission of mulct tax:** NOTICE. Where a property owner had sufficient notice of a mulct tax to constitute due process of law, the fact that she did not have actual notice of sales of liquor upon the premises, until too late to make application for remission of the tax, was immaterial.

*Appeal from Polk District Court.*— HON. W. H. Mc-HENRY, Judge.

TUESDAY, MARCH 14, 1905.

Hearing denied May 24, 1906. .

THIS is an action in equity to enjoin the defendants, who are officials of the county of Polk, from collecting a mulct tax assessed against plaintiff's property by reason of the sale of intoxicating liquors thereon. The trial court granted the relief prayed, and defendants appeal.— *Reversed.*

*Halloran & Starkey,* for appellants.

*Miller, Wallingford & De Graff,* for appellee.

DEEMER, J.— The case turns upon the constitutionality of sections 2433 *et seq.* of the Code, relating to what are now familiarly known as " mulct taxes." It is argued that these statutes are unconstitutional, for the reason that the property owner is given no notice of the proceedings against his property, and is afforded no opportunity to be heard with reference

1. CONSTITU-TIONAL LAW: mulct taxes: statutes: due process: notice.

thereto, and for the further reason that the tax is in
effect a license, and that the amount thereof cannot be col-
lected in a summary way, but only through regular judicial
proceedings. Further, it is contended that a property
owner is in such cases deprived of his property without due
process of law. The first and last of these propositions have
already been settled adversely to plaintiff's contentions in
*Hodge v. Muscatine Co.,* 121 Iowa, 482. That decision was
affirmed by the Supreme Court of the United States in an
opinion filed January 16, 1905, not yet officially reported.
25 Sup. Ct. 237, 49 L. Ed. ——. It was there held that
the landowner is not entitled to notice before his property
is impressed with a lien, and that sections 2441 and 2442
meet all the requirements of due process of law. The mere
fact that the owner did not know of the sales of liquor upon
his premises was not regarded as controlling.

II. But it is said that this so-called mulct tax is not
in fact a tax, but really a license for the privilege of carry-
ing on the business of selling intoxicating liquors, and that
2. MULCT TAX    the same cannot be collected by summary pro-
NOT A LICENSE:
collection.     ceedings, such as are authorized by the stat-
utes in question. There is language in some of our cases
tending to support the contention that this tax is a license,
but, when the facts are considered, it will be found that
such expressions, while applicable to the questions then be-
fore the court, are not controlling here. Turning to the
statutes, it will be found that this tax is imposed upon all
except permit holders who carry on the business of selling
or keeping for sale intoxicating liquors. Payment of the
tax does not in itself constitute a bar to proceedings for the
unlawful sale of liquors. It is not, therefore, a license. In-
deed, section 2447 provides in express terms that the pay-
ment of the tax shall not relieve the wrongdoer from any
penalty provided by law, except that he do other things pro-
vided for in the next section. Moreover, this same section
says that the payment of the mulct tax shall not be regarded

as a license. It is entirely clear that the Legislature may impose a tax without legalizing the business taxed. *McGuire v. Com.,* 3 Wall. (U. S.) 387 (18 L. Ed., 164); *Com. v. Crane,* 158 Mass. 218 (33 N. E. 388). That this imposition is levied pursuant to the taxing power, and is not a mere license, see *In re Smith,* 104 Iowa, 199; *Adler v. Whitebeck,* 44 Ohio, 539 (9 N. E. 672); *State v. Hipp,* 38 Ohio St. 206; *People v. Lyng,* 74 Mich. 579 (42 N. W. 139). Being a tax upon the business, it may be collected as other taxes. *Yeomans v. Riddle,* 84 Iowa, 147; *McMillan v. Anderson,* 95 U. S. 37 ( 24 L. Ed. 335); *Spencer v. Merchant,* 100 N. Y. 585 (3 N. E. 682). The law itself provides the tribunal which shall hear all complaints with reference to this tax, and its jurisdiction is ordinarily exclusive. *Macklot v. City,* 17 Iowa, 379.

The fact that plaintiff had no knowledge of sales of liquor upon her premises until after the expiration of the time within which she might have applied to the board of **3. REMISSION OF MULCT TAX: notice.** supervisors for remission of the tax is not conclusive. She had all the notice required to constitute due process of law, and, if she did not in fact have notice of the assessment, it was due to her own fault, in not examining the county records. Should we hold to the rule contended for by plaintiff, many taxes might be defeated by reason of want of knowledge or notice on the part of the party assessed that his property had been listed for taxation. Plaintiff had all the notice that was required in such cases to constitute due process of law, and the trial court was in error in holding the statutes unconstitutional.

The decree is reversed, and the cause is remanded for one in harmony with this opinion.—*Reversed.*

SHERWIN, C. J., dissenting.