### In re OTTO F. LANGE CO.

(District Court, N. D. Iowa, E. D. March 12, 1908.)

1. BANKRUPTCY—PREFERRED CLAIMS—STATE TAXES—CIGARETTE "TAX."

Code Iowa, § 5006, provides a penalty by fine and imprisonment for selling cigarettes in violation of its provisions; and section 5007 imposes an annual tax on every cigarette dealer, which tax is declared to be in addition to all other taxes and penalties, and shall constitute a perpetual lien on all property used in connection with the business, but that payment of the tax shall not be a bar to prosecution under any law prohibiting the manufacture and sale of cigarettes. *Held*, that such imposition constituted a "tax," within Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], providing that the bankruptcy court shall order the trustee to pay all taxes legally due by the bankrupt, in advance of the payment of dividends to creditors; the word "tax" in the latter section not being used in any restricted sense, but broadly to include all obligations imposed by the state and general governments under their respective taxing or police power for governmental or public purposes.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 6867–6886, 7813.]

2. COURTS—JURISDICTION OF FEDERAL COURT—CONSTRUCTION OF BANKRUPTCY ACT.

The meaning of the word "tax," as used in Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], is for the ultimate determination of the federal courts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1331.]

In Bankruptcy. On certificate of referee.

P. J. Nelson, Co. Atty., for Dubuque County.
Mullany & Stuart, for trustee.

REED, District Judge. The Otto F. Lange Company, an Iowa corporation having its principal place of business in the city of Dubuque, in Dubuque county, this state, was adjudged bankrupt by this court in November, 1907. It was a retail dealer in tobacco and cigars, including cigarettes, and Dubuque county has filed a claim for taxes, including a cigarette tax for $150, due from the bankrupt to the county, and asks that it be allowed as a preferred claim against the bankrupt estate. The cigarette tax is for the six months immediately preceding the bankruptcy, and is imposed upon the bankrupt under section 5007 of the Iowa Code of 1897. The trustee objects to its allowance as a preferred claim on the ground that it is not a tax within the meaning of section 64a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]). The referee sustained this contention, and upon request of the county certifies the question to the court for determination.

Section 64a of the bankruptcy act provides that:

"The court shall order the trustee to pay all taxes legally due, and owing by the bankrupt to the United States, state, county, district or municipality in advance of the payment of dividends to creditors. * * * *"

That the bankrupt owed this cigarette tax, and that it was due at the time of the bankruptcy, is not disputed. Section 5006 of the Code of Iowa of 1897 provides a penalty of fine and imprisonment for selling cigarettes in violation of its provisions. Section 5007 is as follows:

"Sec. 5007: There shall be assessed a tax of three hundred dollars per annum against every person, partnership or corporation, and upon the real property, and the owner thereof, within or whereon any cigarettes, cigarette paper or cigarette wrapper, or any paper made or prepared for use in making cigarettes or for the purpose of being filled with tobacco for smoking, are sold or given away, or kept with intent to be sold, bartered, or given away, under any pretext whatever. Such tax shall be in addition to all other taxes and penalties, shall be assessed, collected and distributed in the same manner as the mulct liquor tax, and shall be a perpetual lien upon all property both personal and real used in connection with the business; and the payment of such tax shall not be a bar to prosecution under any law prohibiting the manufacturing of cigarettes or cigarette paper, or selling, bartering, or giving away the same. But the provisions of this section shall not apply to the sales by jobbers and wholesalers in doing an interstate business with customers outside the state."

The validity of these sections has been upheld by the Supreme Court of the state and the United States Supreme Court. Hodge v. Muscatine County, 121 Iowa, 482, 96 N. W. 968, 67 L. R. A. 624, 104 Am. St. Rep. 304; Id., 196 U. S. 276, 25 Sup. Ct. 237, 49 L. Ed. 477. There can be no question, therefore, of the validity of the tax, or that it is a lien upon the bankrupt's property. The trustee relies upon In re Ott (D. C.) 95 Fed. 274, where it is held that the mulct liquor tax imposed by section 2432 et seq., of the Iowa Code, was not a tax within the meaning of section 64a of the bankruptcy act. That the tax imposed by section 5007 of the Code is of the same nature as the mulct liquor tax, and is assessed and levied in the same

manner, may be conceded, though the payment of the liquor tax, and compliance with other provisions of the law imposing it, will bar a prosecution for a violation of the prohibitory liquor law of the state, while the payment of the cigarette tax will not bar a prosecution for a violation of section 5006. The decision in Re Ott rests wholly upon decisions of the Supreme Court of the state to the effect that the mulct liquor tax is not a general tax, so as to become a lien upon property prior to valid existing liens thereon at the time the tax is assessed, and is not of the same effect in this respect as general taxes. It was therefore held, following these decisions, that the mulct liquor tax is not a tax within the meaning of section 64a of the bankruptcy act. If the state decisions are to control then the later decisions of the Supreme Court of the state clearly establish that both the mulct liquor tax and the cigarette tax are imposed under the taxing power of the state, and are therefore taxes within the meaning of that term, levied to meet the burdens upon the general public as a result of the sales of intoxicating liquors and cigarettes. Hodge v. Muscatine, 121 Iowa, 482, 96 N. W. 968, 67 L. R. A. 624, 104 Am. St. Rep. 304; Newton v. McKay, 130 Iowa, 596, 102 N. W. 827.

There are authorities which hold that a tax is not a "debt," within the technical meaning of that word (Lane Co. v. Oregon, 7 Wall. 71, 75, 78, 19 L. Ed. 101); and if the word "debt" had been used in section 64a, instead of the word "tax," the question would arise whether or not it would include taxes imposed by law upon the bankrupt. It is obvious that the word "tax," as used in the bankruptcy act, is not used in any restricted or narrow sense, but is used broadly to include all obligations imposed by the state and general governments under their respective taxing or police powers for governmental or public purposes. That a tax so imposed may not be a general property tax does not deprive it of the character of a tax. Many taxes are imposed under the name of license fees, franchise taxes, or taxes for special purposes under some other name, and are therefore special taxes; but they are nevertheless taxes imposed for a public purpose, no matter what the name under which they are levied or imposed, and are clearly within the meaning of the term "tax" as used in the bankruptcy act.

Nor is the meaning of the word "tax" as used in the bankruptcy act to be determined by the state courts, so as to conclude the federal courts. That is a federal statute, the interpretation and meaning of which is to be determined ultimately by the federal courts. In New Jersey v. Anderson, 203 U. S. 483, 491, 27 Sup. Ct. 137, 140, 51 L. Ed. 284, it is said:

"The bankruptcy act is a federal statute, the ultimate interpretation of which is in the federal courts. It is doubtless true * * * that, if the highest court of the state should decide that a given statute imposed no tax within the meaning of the law as interpreted by it, a federal court, in passing upon the bankruptcy act, would not compel the state to accept a preference from the bankrupt's estate upon a different view of the law. Conceding that the doctrine that the meaning of a statute is a state question, except where rights, the subject of adjudication in the federal courts, have accrued before its construction by the state court, or the question of contract within the protection of the federal Constitution is involved, still

a state court, while entitled to great consideration, cannot conclusively decide that to be a tax within the meaning of a federal law, providing for the payment of taxes, which is not so in fact. The section (64a) itself declares that, in case of disputes as to the amount or legality of any such tax, they shall be heard and determined by the court. The state court may construe a statute and define its meaning; but whether its construction creates a tax, within the meaning of a federal statute giving a preference to taxes, is a federal question, of ultimate decision in this court."

This decision seems to put the question at rest. The claim in question is defined by section 5007 of the Iowa Code as a tax, and is declared a perpetual lien upon all property real and personal, used in connection with the business of selling cigarettes. The trustee in bankruptcy takes the property of the bankrupt, in cases unaffected by fraud, in the same plight and condition that the bankrupt held it, and subject to all equities with which it was impressed in his hands. Thompson v. Fairbanks, 196 U. S. 516, 526, 25 Sup. Ct. 306, 49 L. Ed. 577; York Mfg. Co. v. Cassell, 201 U. S. 344, 352, 26 Sup. Ct. 481, 50 L. Ed. 782.

Whether or not such a lien would take precedence over other valid liens upon the property at or prior to the levy of such tax is a question not here involved. The conclusion, therefore, is that the county is entitled to priority of payment of this cigarette tax owing by the bankrupt at the time of its adjudication, as well as the other taxes due from it; and it will be so certified to the referee.

It is ordered accordingly.