## THEODORE KRUMBERG v. THE CITY OF CINCINNATI.

1. Under the municipal code, as originally passed, the cost of real estate appropriated for the purpose of opening or widening streets, when raised by taxation, was required to be levied upon all the real and personal property subject to taxation within the limits of the corporation.

2. The special assessments authorized by section 576, to pay the cost of the improvements therein referred to, have no relation to the acquisition of real estate for the making of such improvements.

3. Section 539, as amended, confers power upon the council to assess the cost of land appropriated for the street purposes therein specified upon the lots benefited by the improvement for which the appropriation is made, and the amended section 583 prescribes the mode in which the power of assessment is to be carried into effect, in cases in which the council determine to exercise the power for the purposes authorized in section 539.

4. The power to levy special assessments to pay for land taken to widen or extend a street, is separate and independent of the power to levy such assessments to pay for grading and paving the street, and the validity of assessments, made for these purposes, does not depend upon whether the powers were exercised at the same, or at different times.

5. The resolution declaring the necessity of an improvement, which the council is required to pass and publish as provided in section 563, does not apply to the appropriation of private property to public use. Such proceedings are otherwise specially provided for.

6. Where the board of improvements recommend to the council the improvement of a street by grading, paving, and macadamizing it to the full width of sixty feet, such recommendation will be held to embrace

the widening of such portion of the street as may be of a less width than sixty feet, if the recommendation of the board is necessary to the widening of the street.

But whether the recommendation of the board is required to enable the council to make appropriations of private property for public uses, *quære.*

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Hamilton county.

The original action was brought to collect an assessment made on the property of the plaintiff in error, to pay for land taken by the city to widen McMillan street between Church and Kline streets, to the width of sixty feet, the remainder of the street being already of that width; but the part between Church and Kline being only thirty feet wide.

On the 31st of October, 1873, an ordinance was passed to condemn the property, and the necessary proceedings were directed to be taken to complete the appropriation. The ordinance also provided that the amount of compensation required to be paid for the property taken, and the costs should be assessed upon the property abutting on and benefited by the improvement contemplated by the ordinance, " according to the law in such cases made and provided."

The property on one side of McMillan street, between Church and Kline streets, belonged to the plaintiff in error, and that on the other side belonged to another party, the two being the only proprietors on the part of the street widened. McMillan street terminated in Kline street, and the part between Church and Kline was the extreme eastern part.

On the 19th of March, 1874, it was duly certified to the council that the two parcels of ground described in the ordinance of October 31, 1873, had been appropriated and taken possession of for the purpose of widening the street, as specified in the ordinance; and the board of improvements recommended the assessment of the costs and ex-

penses of the appropriation, " on each front foot of the several lots of land bounding and abutting on each side of McMillan street, from Church to Kline street, the same being the property benefited by the appropriation."

Notice of the proposed assessment having been duly given, Krumberg, the plaintiff in error, filed his objections; and on October 23, 1874, the council appointed an equalizing board, as required by section 586 of the municipal code.

This board, after hearing all the objections, and viewing the premises, reported that the proposed assessment was " proper, and in every respect just and equitable."

This report was confirmed by the council, and, on the 4th of December following, an ordinance was passed, making the assessment, as had been recommended by the board of improvements.

The suit was brought to collect this assessment.

On the trial, the plaintiff in error, Krumberg, by way of defense, introduced sundry transcripts from the records of the city council, and of the board of improvements, from which the following facts appear :

On the 11th of December, 1871, the board of improvements recommended to the city council that it was necessary to improve McMillan street, in accordance with a resolution which they submitted, and the adoption of which they recommend.

The resolution declared it necessary to improve McMillan street from the Madison road to Kline street, by grading, setting hill curbs, paving gutters with limestone, and macadamizing the roadway, in accordance with the plans and profiles on file in the office of the city civil engineer, and specifications on file in the office of the board of improvements; and that the expenses of said improvement should be assessed per front foot upon the property abutting thereon, according to the law and ordinances on the subject of assessments ; and that such assessments be certified to the contractor, in payment of the work.

The specifications referred to required the street to be graded to " the full width of sixty feet."

On the 15th of March, 1872, an ordinance was passed by the council—" That McMillan street, from Madison road to Kline street, be improved by grading, setting hill curbs, paving gutters with limestone, and macadamizing the roadway, in accordance with the resolution of the council, adopted January 12, 1872."

In May, 1872, the work was let to Joseph Seiber, who was to perform it at certain specified rates for grading, curbing, paving, and macadamizing, and to receive payment in the assessments made therefor.

The work having been completed by Seiber, according to contract, the cost thereof was assessed by the front foot on the several lots of land abutting on McMillan street from the Madison road to Kline street; and the owners were directed to pay the amount assessed against them respectively to the contractor.

It is admitted that the plaintiff in error has paid the amount coming from him to Seiber on account of this assessment, and that the same was recovered by Seiber in a suit brought for that purpose. The portion of McMillan street lying between the Madison road and Kline street, and on which the work was done, was about 1,575 feet in length.

The court having found for the plaintiff below, Krumberg filed a motion for a new trial, which was overruled. To the overruling of the motion, a bill of exceptions was allowed, and judgment was rendered on the finding in favor of the plaintiff below.

This judgment is now sought to be reversed.

*Chris. Von Seggern*, for the motion :

1. The improvement of McMillan street, from Madison road to Kline street, was an entirety, and that the ordinance of March 15, 1872, to improve, necessarily included in its scope and operation the appropriation of this private property. 66 Ohio L. 241, sec. 544.

2. At the time the ordinance was passed, March 15, 1872, by express provision of the statute, "lands appropriated for widening or extending streets," must be paid for out of funds out of the general tax duplicate; consequently this assesment is void. S. & S. 804; secs. 539 and 583 of the municipal code.

3. If, however, by the aid of subsequent legislation, council could assess this cost on abutting property, it should have been assessed on all the lots bounding and abutting on the *improvement*, and should have been included in the original ordinance to assess.

4. Council having exercised its discretion, and failed to include it, it can not review that discretion and say a certain portion of said costs shall be assessed upon certain of said lots to the exclusion of others. *Iron R. R. Co.* v. *The City of Ironton*, 19 Ohio St. 299.

5. The assessment is in contravention of section 543, municipal code, as amended March 30, 1874. 71 Ohio L. 45.

6. But if the widening of McMillan street, from Church street to Kleine street was a separate improvement, then none of the conditions precedent have been complied with which would authorize the city to charge the costs upon abutting property. *Welker* v. *Potter*, 18 Ohio St. 85 ; *Smith* v. *Toledo*, 24 Ohio St. 131.

7. The evidence in the case showing that the improvement was of no benefit to any in its immediate neighborhood but the abutting owners, and made against their wishes, there was a gross abuse of discretion by council in the exercise of their option of assessing the costs on the abutting property or on the general duplicate. Being desired by the public only, the costs should have been levied on the general duplicate.

*Peck, Gerard & Moloney*, contra, claimed :

1. That the proper steps were taken to condemn and appropriate the land in question. Sec. 539 of the municipal code. And the section is constitutional. 18 Ohio St. 303.

2. The statutes of the state were strictly complied with

in every particular. Secs. 539, 577, 578, 583, 584, 585, 586, 587, 588, and 589.

3. That by the laws then in force the city was not compelled to collect this tax upon the general duplicate, from all the taxable property in the corporation, but might collect from the abutting property-holders, including those benefited.

4. That the improvement had nothing to do with the proceedings to condemn, and was not a part of it.

WHITE, J. Under the municipal code, as originally passed, the cost of real estate appropriated for streets, was required, when raised by taxation, to be levied upon all the real and personal property subject to taxation within the limits of the corporation. Municipal Code, sections 55, 539, 583; 66 Ohio L. 240, 246.

The special assessments, authorized by section 576, to pay the cost of improvements, has no relation to the acquisition of real estate for the making of such improvements, but to improvements to be made where the necessary real estate has been acquired.

It was to assessments thus made that the provisions of the original act for carrying them into effect related.

Chapter 15 of the municipal code, is devoted to defining the general powers of municipal corporations. Among the powers granted is the power "to lay off, establish, open, widen, straighten, extend, improve, keep in order, and repair . . . streets."

Chapter 47 has reference to appropriations of private property for public uses. Among the uses to which such property is authorized to be appropriated is the "opening, widening, straightening, and extending streets."

Prior to the amendments of sections 539 and 583, the cost and expenses of appropriating private property for opening, widening, straightening, or extending streets, could only be raised by general taxation; but the cost and

expense of *improving* them might be raised by special assessments, as authorized in section 576.

Sections 539 and 583 were amended March 29, 1872 (69 Ohio L. 59), and April 11, 1873 (70 Ohio L. 126).

The amended section 539 provides, "that where the council of any municipal corporation shall appropriate any lots or lands for the purpose of laying off, opening, extending, straightening, or widening any street, alley, or public highway, it *shall have power* to assess the costs and expense of such appropriation and improvement upon the lots or lands benefited thereby, including lots and lands that are contiguous and adjacent, as well those that abut upon said street or highway." . . .

The amended section 583 prescribes the mode in which the power of assessment is to be carried into effect, in cases in which the council determine to exercise the power for the purposes authorized in section 539. *The State ex rel.* v. *Strader*, 25 Ohio St. 527.

Section 583, among other things, provides that such assessments shall be made and approved in accordance with the provisions of certain other sections named. Among the sections named are the following: Section 584, which provides for charging the assessment on the lots in proportion to the benefits which may result from the improvement. Sections 585 and 586 provide for the publication of notice of the proposed assessment, and for filing objections, and, if objections are filed, for the appointment of an equalizing board. Section 587 prescribes the duties of the equalizing board, and authorizes the council to confirm their report, or set it aside and order a new assessment. Section 588 provides that "when such assessment is confirmed by the council, the same shall be complete and final."

The word improvement is used in the act in various senses. Its meaning in any given instance will depend upon the subject to which it is applied, and the connection in which it is used.

There seems to be no necessary connection between the improvement of a street by appropriating property to·

widen or extend it, and improving it by grading, paving, and macadamizing. The one may be accomplished without the other; and the city council, under the statute, may pay for one improvement by general taxation, and the other by special assessment, as may be deemed just and reasonable in the particular case. In the one case the money collected by the assessment goes to the city to reimburse it for the money paid for the property appropriated; in the other it may be paid to the contractor for doing the work.

If, in the present case, the street had been widened before any provision had been made for otherwise improving it, the absence of such provision would certainly have constituted no objection to an assessment to pay the cost of such improvement.

We are of opinion, therefore, that the objection now made, that the power of the city council to assess the property of the plaintiff in error for the expense of widening the street was exhausted by the first assessment, is not well taken.

It is further objected that the ordinance of March 15, 1872, providing for the improvement of the street by grading, etc., was passed while the law required appropriations of private property for the purposes of a street to be paid for by general taxation; and that the subsequent amendment of section 539, authorizing the cost of such appropriations to be levied by special assessment, can not apply to the street in question.

The views already expressed answer this objection.

The proceedings to appropriate were not instituted until after the power to assess the cost of the property appropriated was given; and the plaintiff in error had no vested right to have the property paid for under the anterior law.

Another objection urged is that the council did not declare by resolution the necessity of widening the street, and publish such resolution, as required by section 563 of the municipal code.

That section, by its terms, only applies to "improvements not otherwise specially provided for."

The appropriation of private property to public use is specially provided for in chapter 47. Sections 511 and 512 prescribe what the council is required to do when it is deemed necessary to make such appropriation; and when the property is required for the purposes of streets, alleys,. or public highways, the requirements of these sections seem to be modified by section 583 as amended, and to which reference has already been made.

In support of the objection, counsel cite the cases of *Welker* v. *Potter*, 18 Ohio St. 85, and *Smith* v. *Toledo*, 24 Ohio St. 131.

Both of these cases arose under the act of April 5, 1866. S. & S. 834. Under the peculiar phraseology of that act, it was held, in *Welker* v. *Potter*, that the adoption and due publication of the resolution declaring the necessity of the improvement was a necessary prerequisite to the exercise of the power of assessment under that act.

But, as was said by the court in *Upington* v. *Oviatt*, 24 Ohio St. 242, the case of *Welker* v. *Potter* is not applicable to section 563 of the municipal code. See also *Finnell* v. *Kates*, 19 Ohio St. 405.

Section 505 is also relied on, as invalidating the assessment in question. That section provides that "no improvement or repairs shall be ordered or directed by the council, . . . for any street, lane, alley, avenue, market houses or spaces, etc., except on the recommendation of the board of improvements."

Looking to the powers and duties of the board of improvements, it may be questionable whether their recommendation is necessary, before the council can acquire real estate, by appropriation or otherwise, for any public use ;. but, however this may be, we are not called on, in this case, to determine the question.

We think the recommendation made by the board, on the 11th of December, 1871, embraced the widening of the street between Church and Kline streets. The improvement recommended was to be made in accordance with the specifications on file, which required the street to be of the

full width of sixty feet, from Kline street to the Madison road.

In regard to the claim that the assessment is excessive, it is sufficient to say that there is nothing in the bill of exceptions showing the actual value of the property, either before or after the improvement was made.

The bill of exceptions contains a certificate of the auditor, showing the value of the property as assessed for taxation; but that value is not the test by which the assessment is limited.

The point made—that the property assessed is to pay, in part, for other property of the defendant, appropriated for the purposes of the street—is determined by the case of the *City of Cleveland* v. *Wick*, 18 Ohio St. 303, and by subsequent cases following that decision.

*Leave refused.*

REX and GILMORE, JJ., dissented.