Stewart, J.
This is an action to restrain the collection of an assessment which has been levied upon the property of plaintiff to pay the cost of extending Front street 80 feet wide from Naghten street to Park street. The suit is instituted by plaintiff on behalf of himself and numerous other property owners who have been assessed to pay these costs, upon the ground that the-proceedings therefor wore illegal and irregular in many particulars. The allegations of illegality and irregularity are set forth in the amended petition in separate paragraphs, and styled as different causes of action from one to eight. This, however, is not proper pleading, as there is but one cause of' action, and the only relief sought is an injunction to restrain-the collection of one assessment. Looking at the amended petition as stating but one cause of action, we think alii of the so-called causes of action might have been stricken out as irrelevant, except the first, which alleges that the resolution for the appropriation of the property to make the extension, was not recommended by the Board of Public Works. The law in force at the time of the adoption, of this *225 resolution, provided (87 Ohio L. 156) that no resolution for an improvement of a street should be passed, except upontbe recommendation of the Board of. Public Works of the city of Columbus. This being so, the council had no authority to pass the resolution without such. recommendation. But it is claimed that the action of the council was invalid for two reasons: First, that it appropriated money by resolution, whereas the statute requires that appropriations of money should only be made by ordinance. The resolution adopted by the council reads as follows: “ Résolved by the council of the city of Columbus, that for the purpose of meeting the costs and •expenses of opening and extending Front street from Naghten street to Park street the mayor and auditor of said city, be, and they are hereby authorized for and on behalf of said city to borrow the sum of $51,964.52-100, and for andón behalf of said city that they be and are hereby authorized to execute a promissory note or notes for said sum, payable not exceeding 12 months after date with interest at a rate not exceeding 7 per centum per annum, payable annually.” In our view this is not an appropriatiation of money, for by virtue of this resolution no money is taken from the city treasury. It simply authorizes the borrowing of the money in anticipation of the collection of the costs from the property owners assessed for the improvement. The second claim is that the provisions of section 2702 were violated, as there was no certificate then or at any time by the city auditor, that the funds necessary to pay the condemnation money were in the treasury of the city unappropriated. The terms of section 2702, if applicable, are broad enough to cover the action of the city council in passing this resolution, and it was held in Rhoades v. Toledo, 6 O. C. C. R. 9, that section 2702 was ap-< plicable to proceedings by a city council for the condemnation of private property, for street purposes. The decision in that case rests solely upon the opinion delivered in the case of Ryan v. Hoffman, 26 Ohio St. 109, and we are unable to see *226 why an authoritative, utterance upon this question was necessary for the decision of that case. With all due respect to the judge delivering the opinion in the case of Ryan v. Hoffman, supra, and to the court deciding the case of Rhoades v. Toledo, supra, we see no reason for changing the views we have held and expressed heretofore, and which are so well stated by the Supreme Court in the case of Elster v. Springfield, 48 Ohio St. that section 2702 “ is intended for the protection of tax payers by checking municipal extravagance and the incurring of indebtedness,” and therefore cannot apply to condemnation proceedings for street purposes in which the municipality incurs no indebtedness and is guilty of no extravagance. The statutes relating to the appropriation of private property for public uses show that the amount of the damages is necessarily indeterminate; that the verdict of one jury thereon may not fix it definitely, and it seems clear to us that no officer of the city could certify that the money necessary to pay therefor, was in the treasury, when by no possibility could he know the amount that would be required. Further provisions of the statute are that the assessment shall be made after the damages are determined, and that the assessment may be collected upon the general tax list (Rev. Stat., sec. 2263), or levied on the abutting and such adjacent and contiguous or other benefited property as the council may determine (Rev. Stat., sec. 2264). In either case it is an assessment for this particular purpose, and the fund thus raised is applied to the payment of the expenses thereof, and it is a payment by the property owneis and not a payment by the city. So that proceedings for condemnation and appropriation of property are not within the spirit or purpose of section 2702, and the impossibility of carrying out the letter of the section in regard to them, which must have been known to the legislature which enacted section 2702, makes it clear to us that this section cannot apply to such proceedings. We have preferred to put our holding upon the ground that section 2702 does not apply to condemnation proceedings rather than upon the provisions of section 4 of the *227 act of April 30,1891, (88 O. L. 425) as this proceeding was initiated prior to the passage of that act. As to what is called the seventh cause of action, which alleges that the resolution appointing three freeholders to prepare and report to council an estimated assessment of the costs and expenses of opening and extending Front street, etc., upon the lots and lands therein described according to benefits was not adopted as required by. Rev. Stat., sec. 2267, it is sufficient to say that this was not such a resolution as came within the purview of that section. None of the other so-called causes of action are now seriously urged as rendering the proceedings of the council illegal or void. The answer alleges that the resolution for the appropriation of the property was recommended by the Board of Public Works prior to its adoption by the city council, thus taking issue with the allegations of the petition in that regard. Upon this issue there has been introduced in evidence the record of the board, and also the testimony of the members of the board as to what took place at the meeting. The record of the board is as follows :
“ Resolution recommended to extend Front street, and to condemn property.
“ Resolution submitted to appropriate private property described to public use to open and extend Front street 80 feet wide from Naghten street to Park street, and rescinding the resolution to same effect adopted April 28, 1.890. The question being on the same for adoption, the roll being called thereon, all the members voted aye, so the same was recommended.”
While this is somewhat informal, we consider it a substantial compliance with the requirements of section 5 of the act of April 3, 1890. (87 Ohio L. 152). It appears from this record that the roll was called and all the members voted aye, so that there were four votes for the resolution.
We have not considered the evidence of the members of the board in reaching our conclusion that the resolution was duly *228 recommended, but hold from an inspection of the record, that if there was any necessity for such resolution, it was properly recommended by the Board of Public Works.. Other allegations of the answer are, that on March 24, 1890, the council duly passed an ordinance for the opening and extension of Front street from Naghten street to Park street, by condemn ing and appropriating to public use- certain real estate. As to this allegation a reply is made that this ordinance was not passed in accordance with the provisions of section 1694.. But as this was not an ordinance of a general and permanent nature, the provisions of that section do not apply. It is also alleged in the answer, that on May 26, 1890, the council duly adopted a resolution declaring its intention to condemn and appropriate, and thereby did condemn and appropriate property for the same purpose; that subsequently proceedings were instituted in the probate court and the damages were assessed ; that a board was duly appointed to make an estimated assessment of the costs and expenses of opening Front street; that said board made their report to the council, and their report was duly filed and notice published as required by law; that no objections were made to it, and the report was duly confirmed, and the plaintifif and others ordered to pay their assessments; and that prior to the bringing of this suit the money to pay the damages allowed was paid into the probate court.
It is .objected to this record that after the city council passed the resolution declaring its intention to condemn in May, 1890, no ordinance was passed authorizing the proceedings in the probate court; that the ordinance previously passed in March, 1890, could not operate for that purpose as it was passed prior to the passage of the resolution; that nothing can be done until the passage of the resolution declaring the intention of council to condemn, and that'this being done it requires the passage of an ordinance to put in motion the pro ceedings for condemnation. The question here sought to be made seems to us to arise from a .misapprehension or rather *229 confusion of the provisions of the statutes in regard to the appropriation of property for public streets.
The ordinance of March 24, 1890, was not repealed by the act of April 3, 1890, (87 Ohio Laws, 156) as it was in no way in conflict or inconsistent with the provisions of that act, and this disposes of the necessity of considering whether the resolution of May 26, 1890, could be considered as an ordinance ; certainly the adoption of that resolution did not in terms or by implication, repeal the ordinance of March 24,. 1890, and we do not perceive the necessity for its passage.
Rev. Stat. sec. 2232 provides twenty-one diiferent purposes-for which a municipality may appropriate realty, the first of which is for opening, widening, straightening and extending-streets, alleys and avenues. Sec. 2235 provides, that when it is deemed necessary by a municipal corporation to appropriate private property as hereinbefore provided, the council shall,, by resolution, declare such intent, etc., and then following the resolution application may be made to the proper court for an inquiry as to damages. Sec. 2304 has no application to proceedings for the appropriation of property, as is clearly apparent from the reading of the section in the connection in which it is placed in the statutes. Under the head of streets-chap. 13, div. 8, title XII, we find this provision in sec. 2642 : “ When it is deemed necessary by the council of any municipal incorporation to open, extend, etc., any street, alley, or public highway within the limits of such corporation, the council shall provide by ordinance for the same; such ordinance shall briefly and in general terms describe the property, if any, to be appropriated for such purposes; and the proceeding for such appropriation shall be as provided in chap. 3, div. 7 of this title.” We have only to apply in this case the well-known rule in the construction of statutes, that where there is a general provision in regard to the method of procedure regarding several subjects followed by a special provision as to the procedure in regard to one or more of such subjects, the special provision will govern, to make it *230 plain that when a municipality deems it necessary to open, extend, etc., any street, etc., it is not necessary that any preliminary resolution should be passed, but its council' should follow the provisions of sec. 2642, and provide therefor by ordinance. This was the holding in the case of Krumberg v. Cincinnati, 29 Ohio St. 69, when construing secs. 511 and -512 of the municipal code with sec. 583 of that code, which are now substantially embodied in Rev. Stat. secs. 2234, 2235 and 2642.
Taylor & Taylor and E. 0. Randall, for plaintiff.
Paul Jones, City Solicitor, Florizel Smith, Hssi. City Solicitor, F. A. Davis and Jam.es Caren, for defendants.
Longworth v. Cincinnati, C. S. C. (special term) 23 W. L. B. 100; Strauss v. Cincinnati, C. S. C. (General term) 24 W. L. B. 422.
It follows from what has been said, that no irregularity or illegality appearing in the proceedings of the council, the plaintiff is not entitled to the relief he prays for, and the temporary restraining order heretofore issued, will be dissolved, and the petition dismissed at plaintiff’s costs.