Smith, J.
, 'In the original action Ogden and others sought to restrain the village from the collection-of an assessment levied on their property to pay condemnation money for property appropriated by the village to open a street in said village. A general demurrer to the petition was filed by the village. This demurrer was overruled by the court, and the defendant not desiring to plead further, the injunction was made perpetual, and judgment rendered against the village for the costs, and to all of which it excepted, and filed this petition in error, seeking the reversal of said judgment.
In substance the petition alleged that on Feby. 15,1892, the village, by its council, passed an ordinance for the condemnation and appropriation for public use, for opening and extending Sherman avenue, of a strip of ground, and providing that the condemnation money, costs, etc. be assessed per front foot upon the property bounding and abutting on that part of Sherman avenue so condemned and appropriated therein. That proceedings were accordingly had against plaintiffs and others to assess said compensation, and Geo. *540 C. Ogden was allowed $625, and Laura L, Whaling $625, which was paid to them.
That on Nov. 7, 1892, the council passed an ordinance to assess a special tax on real estate bounding and abutting on Sherman avenue from the east side of Allison street to tne east line of Ogden’s land,as provided in said ordinance' — ■ viz., so much on each front foot of the several lots of land bounding and abutting on Sherman avenue from east side of Allison street to east line of Ogden’s; to pay the cost and expense of condemning property for extending said Sherman avenue between the points aforesaid, together with the interest on bonds, etc.
It is further averred that the village seeks through the enforcement of said ordinance to assess the damages caused to plaintiff and others by the appropriation of the property of plaintiffs and others,the costs and expenses etc. back on the remaining property of plaintiffs and others, bounding and abutting on that .part of Sherman avenue so condemned and appropriated according to the front foot. There are other allegations as to the collection from plaintiffs of the amount assessed against plaintiffs’ property for 1893,and the certification to the county auditor of the installments for the years 1894 and 1895 on their property; and it is averred that if plaintiffs are compelled to pay the assessments made against them, it will require not only the total amount of the compensation money awarded to them, but' other sums in addition, and that this is arbitrary, unjust, and in violation of law and the constitution of the state, and will be a confiscation of their property which is without due process of law, and in violation of the constitution of the United States.
It is our understanding that the constitutionality and validity of such legislation and proceedings has been settled adversely to the claim of the plaintiffs below, by the supreme court of this state. Sec. 18 Ohio St., 303; 29 Ohio *541 St., 69 and 49 Ohio St., 334. While these decisions stand, or unless a different rule is established by the Supreme Court of the United States, we are bound by them.
It was stated by counsel for defendant in error,that all of the land abutting on the property so'condemned and appropriated, liable to assessment,was not in fact assessed. This does not appear from the allegations of this petition, and in our opinion the petition did not state a good cause of action, and the demurrer was improperly overruled, and the judgment for plaintiffs improperly rendered. The judgment will therefore be remanded to the court of common pleas for such further proceedings as are warranted by law..