Smith, J.
In the original action Ogden and ethers sought to restrain the village from the collection of an assessment levied on their property to pay condemnation money for property appropriated by the village to open a street in said village. A general demurrer to the petition was filed by the village. This demurrer was overruled by the court, and the defendant not desiring to plead further, the injunction was made perpetual, and judgment rendered against the village for the costs, and to all of which it excepted, and filed this petition in error, seeking the reversal of said judgment.
In substance the petition alleged that on February 15, 1892, the village, by its council, passed an ordinance for the *870 •condemnation and appropriation for publio use, for opening and extending Sherman avenue, of a strip of ground, and providing that the condemnation money, costs, etc., be assessed per front foot upon the property bounding and abutting on that part of Sherman avenue so condemned and appropriated therein. That proceedings were accordingly had against plaintiff and other to assess said compensation, and George C. Ogden was allowed $625, and Laura L. Whaling $625, which was paid tc them.
That on November 7, 1892, the council passed an ordinance tc assess a special tax on real estate bounding and abutting on Sherman avenue from the east side of Allisen street to the east line of Ogden’s land, as provided in said ordinance, viz.: so much on each front foot of the several lots of land bounding and abutting on Sherman avenue from east side of Allison street to east line of Ogden’s as is required to pay the cost and expense of condemning property for extending said Sherman avenue between the points aforesaid, ogether with the interest on bonds, etc.
It is further averred that the village seeks through the •enforcement of. said ordinance to assess the damages caused to plaintiff and others by the appropriation of the property of plaintiffs and others, the costs and expenses, etc., back on the remaining property of plaintiffs and others, bounding and abutting on that part of Sherman avenue so condemned and appropriated according to the front foot. There are other allegations as to the collection from plaintiffs of •the amount assessed against plaintiffs’ property for 1893, ■and the certification to the oountv auditor of the installments for the years 1894 and 1895 on their property; and it is averred that if plaintiffs are compelled to pay the assessments made against them, it will require not only the total ■amount of the compensation money awarded to them, but other sums in addition, and that this is arbitrary, unjust .and in violation of law and the constitution of the state, and will be a confiscation of their property which is without due process of law, and in violation of the constitution of the United States.
It is our understanding that the constitutionality and validity of such legislation and proceedings has been settled adversely to the claim of the plaintiffs below, by the , supreme court of this state. See Cleveland v. Wick, 18 Ohio St., 303; Krumberg v. Cincinnati, 29 Ohio St., 69,and Caldwell v. Carthage, 49 Ohio St., 334. While these decisions stand, or unless a different rule is established by the su *871 preme court of the United States, we are bound by them.
. It was stated by counsel for defendant in error that all qf the land abutting on the property- so condemned and appropriated, liable to assessment, was not in fact assessed. This does not appear from the allegations of this petition, and in our opinion the petition did not state a good cause of aotion, and the demurrer was improperly overruled, and the judgment for plaintiffs improperly rendered.
The judgment will therefore be remanded to the court of common pleas for such further proceedings as are warranted by law.*

See decision of Supreme Court of Ohio in Schroeder v. Overman, 42 Bull. 220.