Burket, J.
Some technical errors are alleged in the petition, but the question as to the power of the city to make the assessment, is the only one regarded as of sufficient importance to warrant a report of the case.
It was determined in the case of Railway Company v. Cincinnati, 62 Ohio St., 465, that Sec. 19 of Art. 1 of the constitution is a limitation on Sec. 6, Art. 13, as to the power of assessment, and with that holding we are still fully satisfied. In that case there was one dollar awarded to the railway company as compensation for lands appropriated, and over five hundred dollars assessed upon the remaining lands for compensation, damages and costs paid for lands taken in the same appropriation proceedings. It therefore seemed clear in that case that the assessment of over five hundred dollars was «not an assessment back onto the remaining lands, to raise money to pay the one dollar and costs, but was in part at least an assessment to pay for compensation awarded to others; and as the whole assessment was held unconstitutional, the holding was in. effect that no assessment could be made to raise money to pay compensation for lands taken by appropriation. We so understood that case, and what was said in the opinion was with reference to that understanding, and was not obiter, but argument to show that money *391 could not be constitutionally raised by assessment to pay compensation, damages and costs for lands appropriated by the public for public use.
The limitation of said section 19 of the constitution on said section 6 as to assessments, goes, not only to the extent of preventing the assessment of the compensation, damages and costs back onto thé lands of the owner remaining after the taking, but to the full extent of prohibiting the assessment of compensation, damages and costs for land so appropriated, upon any real estate whatever. In short, money cannot be raised by assessment to pay such compensation, damages and costs, but such money must be raised by taxation. Were it otherwise, said section 19 of the constitution could be evaded and that done by indirection which cannot be done directly.
The public appropriates the land for public use, and the public must pay for the land it so takes. Nothing less than the public can appropriate lands by legal process for public use. If an assessment district should be formed and a petition filed by such district to appropriate private property for the use of such district, or the public, a demurrer to such petition would be sustained on the ground that the constitution gives no power of appropriation of private property to such assessment district, such district not being the public, and the power of appropriation being given by said section 19 to the public only.
The power of appropriation being given to the public only, and only for public use, it follows that the public, the taker, must pay for what it takes, because he who takes from another should himself make restitution, and not compel others to pay for what they have not taken. To permit the public to take private property for public use, and then compel *392 private persons to pay for such property against their will, upon the theory that their lots and lands are benefited, would lead to extravagance and often to oppression, while to compel the public, which takes the property for public use, to pay therefor, leads to economy and prudence in taking private property for public use, and therefore said section 19 was made a limitation on said section 6, and the power of raising money by assessment to pay for private property taken for public use, is thereby prohibited.
It is urged that in this case no property of the defendant in error was taken, and no assessment made back on the property remaining after such taking, and that therefore the principle in Railway v. Cincinnati, supra, does not apply. ’ The answer is that the principle of that case is that said section 19 is a limitation on said section 6 to the extent of a total prohibition of raising money by assessment to pay for private property taken by the public for public use. The principle is not that those only whose property has been taken are free from assessment, but that no assessment can be made to raise money to pay for property taken by the public for public use.
To exempt those from whom some property has been taken, and assess others, would often lead to inevitable injustice. As the constitution was adopted to promote our common welfare, and for the equal protection and benefit of all, and as that instrument is consistent throughout, a construction which necessarily leads to injustice cannot be a true one, and should not be adopted, and therefore the construction of section 19 is and must be that private property taken by the public for public use, must be paid for by the taker by taxation on the general list, and not by assessment on a comparatively small district.
*393 It is also urged that if said section 19 is a limitation upon said section 6 so- as to prevent the raising of money by assessment to pay for private property taken for public use, that the same limitation prevents the raising of money by assessment to pay for sewers, surface improvement of streets, etc. This does not follow, for the reason that in sewers, surface improvement of streets, etc., there is • no taking of private property by the public for public use; but on the contrary the public confers a special benefit upon the property and then enforces an assessment not exceeding the benefit so conferred. If the assessment should exceed the special benefit, it would be unconstitutional as to such excess, by reason of the limitation of said section 19 on the power of assessment. It was so held in Chamberlain v. Cleveland, 34 Ohio St., 551, and Walsh v. Barron, 61 Ohio St., 15.
While a séwer or surface improvement of a street may, to some extent, be used by the public, and therefore be in part for public use, the power of assessment exists only to the extent that the improvement is for the special benefit of the lots and lands to be assessed over and above the general benefit to the public. Said section 19 is a limitation upon the power of assessment for the use of the public, because to assess private property beyond the special benefits conferred thereon by an improvement, to pay for such improvement for the use of the public, would be taking private property for public use without first making compensation therefor; while to take back by way of assessment a part or all of the special benefit conferred by the improvement, is not a taking of private property for public .use, and such assessments are not prohibited by said section 19 of the constitution.
*394 It is urged that to affirm the judgment in the case at bar involves the overruling of Meissner v. Toledo, 31 Ohio St., 387; Chamberlain v. Cleveland, 34 Ohio St., 551; Raymond v. Cleveland, 42 Ohio St., 522, and Krumberg v. Cincinnati, 29 Ohio St., 69. This last case was reviewed in Railway v. Cincinnati, 62 Ohio St., 465, 482, and needs nothing further here. Meissner v. Toledo, 31 Ohio St., 387, construed the statutes then in force, and did not pass upon their constitutionality, but assumed them to be constitutional. The question of their constitutionality was not raised or decided. The case of Chamberlain v. Cleveland, 34 Ohio St., 551, was decided in the light of Cleveland v. Wick, 18 Ohio St., 303, and the question as to whether money could be raised by assessment to pay for private property taken for public use was not raised, and was not argued or decided, but was conceded by counsel and assumed by the court. In the subsequent case of Raymond v. Cleveland, 42 Ohio St., 522, the judge delivering the opinion, in speaking of that case on page 525, says: “It is sufficient to say that the validity of the statutes upon the subject was not questioned, nor was the power to make an assessment for the improvement doubted.” The same is true of Raymond v. Cleveland, 42 Ohio St., 522. The validity of the statute and the power to make the assessment were both admitted in that case, and the only question argued, considered or decided was as to the proper construction of the statute, assuming the same to be constitutional. The question now before this court in the case at bar, was not raised in any of those cases, but was regarded as decided by Cleveland v. Wick, supra, and this last case having been overruled, the superstructure so far as founded *395 thereon must fall. As to the questions passed upon in those cases in the construction of said statutes, and not their constitutionality, we regard the cases sound, and not in conflict with the conclusion reached by the court in this case.

Judgment affirmed.

Spear, Davis and Shauck, JJ., concur.