# MUNICIPAL CORPORATIONS — EMINENT DOMAIN — PRO-BATE COURT.

[Mahoning (7th) Circuit Court, October Term, 1904.]

Laubie, Cook and Burrows, JJ.

ERIE RAILWAY CO. ET AL. v. YOUNGSTOWN (CITY).

APPROPRIATION OF PROPERTY BY A MUNICIPALITY—NECESSITY OF PASSING RESOLU-TION REQUIRED BY SECTION 1536-105.

> In a proceeding by the council of a municipal corporation to appropriate property against the will of the owner, for the purpose of extending a street, it is necessary for the council to pass the preliminary resolution, and give notice to the owners of the land as required by Lan. R. L. 3589 (B. 1536-105); but the probate court, before which application is made to assess compensation, has no jurisdiction to determine whether or not the preliminary resolution so required was passed, and the notice given; the only remedy of the landowners in such case is an action to restrain the municipality from proceeding to assess compensation, and from taking possession of the property.

ERROR.

**Hine & Kennedy,** for plaintiff in error.

**S. S. Conroy,** for defendant in error, cited:

Little Miami Ry. v. Dayton (City), 23 Ohio St. 519; Railway v. Belle Centre (Vil.), 48 Ohio St. 273, 295 [27 N. E. Rep. 464]; Pitts. C. C. & St. L. Ry. v. Greenville, 69 Ohio St. 487 [69 N. E. Rep. 976]; Tyler v. Columbus, 3 Circ. Dec. 427 (6 R. 224).

## COOK, J.

The council of the city of Youngstown passed an ordinance to appropriate property of plaintiffs in error for the purpose of extending Reserve street over the railroad company's tracks. No resolution was enacted before the passage of the ordinance, as called for in Lan. R. L. 3589 (B. 1536-105; original section 2235).

The city filed an application in the probate court of Mahoning county to assess the compensation of the defendants for the appropriation of their property. The railroad company filed an answer denying the right of the city to cross the tracks, setting forth that the appropriation will unnecessarily interfere with the reasonable use of their property. This was denied by the city.

The probate court, after hearing the evidence, dismissed the application of the city. Error was prosecuted in the court of common pleas,

the judgment of the probate court reversed and the cause remanded for further proceedings. To the judgment of the common please court, error is prosecuted in this court.

The evidence in the probate court shows that no preliminary resolution was enacted by council and notice served upon the railway company, and also tended to show that the appropriation will unnecessarily interfere with the reasonable use of the railroad company's property.

The first question made is: Was it necessary for council to pass the resolution required in Lan. R. L. 3589 (B. 1536-105) and give the notice as therein set forth? We think it was.

It is claimed on the part of the city that the ordinance of the city council was the appropriation of the property, and that the action of council is governed by Lan. R. L. 3924 (B. 1536-132, original section 2642), and no resolution is required.

Granting that the passage of the ordinance was the appropriation of the property, yet that no resolution was required, does not necessarily follow. It will be observed that Lan. R. L. 3924 (B. 1536-132), is found in Chap. 4, Div. 2, of the municipal code, which applies to the care, supervision, and control of public streets, and the dedication, opening, and vacation of the same, while Lan. R. L. 3589 (B. 1536-105) is found in Chap. 2 of Div. 2 which provides for the appropriation of property and specifies the manner in which compensation may be made when it is necessary to go into court for that purpose. That is, Chap. 2 provides for what shall be done by council when it is necessary to take the property of the owner against his consent, and to assess the compensation, and damages due him, by a proceeding in court. Indeed Lan. R. L. 3924 (B. 1536-132; old section, R. S. 2642), specially provides that the proceeding for such appropriation shall be as provided in Chap. 3, Div. 7 of this title. Chapter 3, Div. 7 was the chapter respecting appropriation of property before the codification and is now Chap. 2, Div. 2, the language of old Sec. 2642 being, no doubt by inadvertence, permitted to remain.

The reason for the necessity of the passage of the preliminary resolution, and the giving of notice to the owner of the property is apparent. Council appropriates the property. It is entirely different from the action of railroad companies and other public service corporations in the appropriation of property. They are required to go into court and show, after notice to the owner and full hearing, the necessity of the appropriation. But with municipal corporations it is not so. If the owner desires to object to the taking of his property by a direct proceeding, he

must do so before the council, as the council determines the matter of appropriation. Hence the necessity of the resolution and the notice that the owner may be heard before the council.

It is said, the case of Tyler v. Columbus (City), 3 C. D. 427 (6 R. 224) is authority for the claim that it is not necessary to pass a preliminary resolution. It is held in that case in the third paragraph of the syllabus:

"When a city council deems it necessary to condemn private property for street purposes, it must proceed under Sec. 2642 Rev. Stat. and no preliminary resolution such as is provided in Sec. 2235 or 2304 is necessary."

There is some indication in the opinion on pages 429 and 430 that it was intended to apply to a case like the one under consideration, but it will be seen by an examination of the facts of that case, that the question under consideration was betwen the city and persons who had been assessed to pay the costs and expenses of opening a street which would come under Chaps. 4 and 6, Div. 2.

If the case of Tyler v. Columbus (City), *supra,* could be considered as an authority for the claim that it is not necessary to pass a preliminary resolution when it is proposed to take property against the will of the owner, although we have the highest respect for the court making the decision, we would not be inclined to follow it.

We have examined the case of Krumberg v. Cincinnati, 29 Ohio St. 69 referred to in the case and we do not think it sustains the claim that no preliminary resolution is necessary under the statutes as they now are.

The next question presented is as to the jurisdiction of the probate court in the matter.

The court proceeded to enter into the inquiry as to whether or not the preliminary resolution had been enacted and also as to the question whether or not the appropriation would unnecessarily interfere with the reasonable use of the railway property. Could it do so? It would seem that under Lan. R. L. 3590, 3591, 3592 (B. 1536-106-107 and 108) that all the court could inquire into was: Had the necessary notice been served in a legal manner and had five days elapsed from the date of service? If so, it was the duty of the court to set a time for the calling of a jury and the assessment of compensation.

This was the holding by the Supreme Court in the case of Pitts. C. C. & St. L. Ry. v. Greenville (City), 69 Ohio St. 487 [69 N. E. Rep. 976], respecting the question as to the unnecessary interference with the reasonable use of the company's property and we see no reason why a differ-

ent rule should apply as to the question whether or not the preliminary resolution required under Lan. R. L. 3589 (B. 1536-105) had been passed or not.

In this case it is held that the only remedy is by a suit in equity for an injunction, and on pages 496 and 497 of the opinion it is said:

"We have said that in proceedings to appropriate for streets and alleys, etc., by municipal corporations, the council makes the appropriation by resolution, and when that is properly done, the next step is the filing of an application in one of the courts, in order to have compensation to the owner made by a jury in a constitutional manner. The application may be filed in the probate court, which, on such subjects, has merely statutory jurisdiction. And if it be filed in the court of common pleas, it still is a special proceeding and strictly regulated by statute.

"There is no provision by which the railway company has a right to file an answer to the application in either of the courts. Answer to what? The application would contain the proceedings before the council, including the resolution to appropriate and the giving of the preliminary notices, and a pertinent description of each parcel of property appropriated, and ask for the impaneling of a jury to assess compensation. An 'answer' to such application would present no issue on the right to appropriate. The court, on such an application, makes no order of appropriation, if the statute is followed, because Sec. 2238 provides that, 'If it appear to the court or judge that such notice has been served five days before the time of the application, or has been published as provided in the preceding section, and that such notice is reasonably specific and certain, the court or judge may set a time for the inquiry into and assessment of compensation by a jury,' etc. Nor is there any authority for filing a cross petition by the railway company setting up the unnecessary interference with its property. No provision is made for the making or trial of such an issue, and the court is without authority to render a judgment upon such issue if made. In practice, counsel may instance a case or cases, where some such pleadings were allowed to be filed against the application, and an inquiry made under it. We cannot find any authority for it even by implication from the statutory provisions on the subject. Even if, in the exercise of the discretion of the court, such an answer or cross-pleading can be filed, it cannot be respected as a remedy, much less an adequate remedy at law. A party has no adequate legal remedy if it exists wholly within the discretion of a court. To be adequate and legal it should be one that he can invoke without let or hindrance, as the assertion of his rights."

This case which is a very late one would also seem to be conclusive on the question as to whether or not the preliminary resolution should be enacted by the council and notice given as required in Lan. R. L. 3589 (B. 1536-105). The learned judge in the opinion distinctly points out the necessary steps to be followed where it is proposed to appropriate property against the will of the owner and lays special emphasis on the passing of the resolution, and giving of notice, so that the owner may be heard in council, although such hearing may not be final.

The common pleas court did not err in reversing the judgment of the probate court for the reason that it had no jurisdiction over the matters in controversy, its only jurisdiction being the assessment of compensation, and the judgment of the common pleas will therefore be affirmed.

**Laubie** and **Burrows, JJ.**, concur.