## CONDEMNATION OF PROPERTY FOR THE PURPOSE OF EXTENDING A STREET.

Common Pleas Court of Hamilton County.

### LAURA B. McFARLAN v. CITY OF NORWOOD ET AL.[*]

Decided, 1916.

*Municipal Corporations—Appropriation of Property for a Street Extension is a Public Improvement—Resolution Declaring Intention to Appropriate—Referendum on Street Extension—Referendum Act Constitutional—Referendum on the Appropriation Ordinance Void, When.*

1. When council seeks to appropriate property for the purpose of extending a street, it is necessary under Section 3679, G. C., to pass a resolution declaring its intent to appropriate property for the extension of such street; and the appropriation of property for the extension of a street is a public improvement within the meaning of the term as used in Section 4227-3, G. C. (103 O. L. 212).

2. Under the provisions of Section 4227-3, G. C., such a resolution is a measure required to be passed to complete the legislation necessary, and under the provisions of Sections 4227-1 and 4227-2 a referendum can be held, and under Section 4227-3 must be held, and if such a referendum is not held upon such a resolution no referendum can be held upon any subsequent ordinance or any other measure relating thereto.

3. Where a referendum was held on the resolution to appropriate property for the extension of Crown avenue and the electors of the city of Norwood voted in favor of such resolution, a referendum upon the appropriation ordinance adopted after the result of the election was properly certified is null and void, and a suit by the city under the appropriation ordinance will not be enjoined until the determination of such second referendum election.

*Hunt, Bennett & Utter*, for plaintiff.
*O. F. Dwyer*, contra.

MAY, J.

This is an action to enjoin the defendant corporation and its solicitor from prosecuting case No. 160711, which the city

[*]Affirmed, *McFarlan v. Norwood*, 25 C.C.(N.S.),

of Norwood, through its solicitor, filed in the court of common pleas, in accordance. with an ordinance passed on November 10, 1915, directing the solicitor to take the necessary steps for the purpose of having a jury impaneled and assessing damages for the extension of Crown avenue, in said city.

The plaintiff in her petition alleges that she is the owner of a leasehold on the property sought to be appropriated; that prior to the beginning of the suit to appropriate this property, at various times between 1892 and June 21, 1915, the village of Norwood, and later the city of Norwood, passed resolutions and ordinances to appropriate the property in question, and that the proceedings of the council under which the present appropriation is being prosecuted are not valid for the reason that there has been no repeal of the former resolutions and ordinances, and for the further reason that under Section 4227-3, G. C., a referendum petition has been filed with the proper authorities and that by virtue of said referendum petition being filed said ordinance is suspended and no proceedings can be had under it until the matter has been passed on at a general election, which will not take place until April of this year.

The defendant, in its answer, says that all the resolutions and ordinances prior to that of June 21, 1915, were repealed either expressly or by implication, and as a further defense it says that on November 2, 1915, in pursuance of a referendum petition, properly filed, the question was submitted to the voters of Norwood and that on that day an election was had and that the board of elections certified that the resolution adopted on June 21, 1915, to appropriate said property for the extension of Crown avenue, was carried, and that the said referendum petition was filed after the resolution of the council was passed declaring its intention to appropriate property for said extension, and that was the first necessary step in the proceedings, and that therefore the present referendum petition is null and void.

Plaintiff filed a reply denying the allegations in the answer.

At the hearing the following facts were proved:

That all resolutions and ordinances of the village of Norwood, and city of Norwood, for the extension of Crown avenue,

were expressly repealed, or have been expressly repealed, since the passage of the resolution of June 21, 1915, and the ordinance of November 10, 1915; that at the November election, 1915, a special ballot, reading as follows, was given to each elector of the city of Norwood:

"Special Election
On the Question of
Appropriating Property for
Street Purposes
City of Norwood
Hamilton County, Ohio,
Tuesday, November 2, 1915.

. . . . . . . . . . . . . . . . . . . . . . .

"Shall the Resolution of the City of Norwood, entitled: 'A resolution declaring its intention to appropriate for street purposes certain real estate for the extension of Crown Avenue,' passed June 21, 1915, be approved?"

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

)"For
The
Resolution."

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

)"Against
The
Resolution."

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

That among the signers of the referendum petition, in pursuance of which the question was presented to the electors of the city of Norwood, was T. J. McFarlan, the husband of the plaintiff in the present action, and that he is also among the signers of the present referendum petition asking for a vote upon the ordinance passed November 10, 1915. A plat of the proposed extension of Crown avenue was offered in evidence, from which it appears that the property sought to be appropriated is almost identical to the proposed appropriation as provided in former ordinances.

I am of the opinion from the evidence that all prior resolutions and ordinances enacted for the proposed extension of Crown avenue were repealed expressly by other ordinances introduced for that purpose as well as being repealed by implication by the present ordinance.

In my opinion, the important question in this case is, whether the referendum which was voted upon on November 2, 1915, in accordance with the petition presented after the passage of the resolution of June 21, 1915, prevents a further referendum on the subject.

The plaintiff contends that it does not, that under the Constitution and Section 4227-3, G. C., a vote can only be had upon the appropriating ordinance; while the defendant contends that a vote must be had upon the resolution declaring the intention to appropriate.

The correct decision of this question requires an examination of the Constitution of the state, the laws passed in accordance therewith, as well as of the statutes regarding the necessary steps to be taken for the appropriation of property for the extension of streets.

Prior to the adoption of Section 3679, G. C., which now reads:

"When it is deemed necessary to appropriate property, council shall pass a resolution, declaring such intent, defining the purpose of the appropriation, setting forth a pertinent description of the land, and the estate or interest therein desired to be appropriated. For water works purposes and for the purpose of creating reservoirs to provide for a supply of water, the council may appropriate such property as it may determine to be necessary,"

it was not deemed necessary to pass a preliminary resolution declaring the intention of council to appropriate property. All that was necessary to be done was the passage of appropriating ordinance. See *Erie Ry.* v. *Youngstown,* 5 C.C.(N.S.), 332; *Krumberg* v. *Cincinnati,* 29 Ohio St., 69.

The case of *Cleveland, S. & C. Ry.* v. *Norwalk,* 17 N.P.(N.S.), 580, is not to the contrary. An examination of that case shows that the bonds to be issued were for the erection of a lighting plant, which are not within the terms of Section 3679.

. Therefore, no ordinance to appropriate property can be valid unless there has been previously passed by council a resolution declaring the intent of council to appropriate property for the purpose mentioned in the ordinance.

Following the passage of this resolution, adopted June 21, 1915, whereby the council of the city of Norwood declared its intention to appropriate for street purposes, for the extension of Crown avenue, certain property, giving its description by metes and bounds, a referendum petition was filed and an election duly held thereon, which resulted in the approval of the resolution by the voters of the city of Norwood.

Prior to the adoption of the Constitution of 1912, the Legislature had provided for a referendum, and under Section 4227-2, G. C., any ordinance, resolution or other measure of a municipal corporation, granting a franchise creating a right, involving the expenditure of money, or exercising any other power delegated to such municipal corporation by the General Assembly, was subject to a referendum petition.

The Constitution of 1912, by the amendment as adopted, now Article II, Section 1f of the Constitution, reads:

"The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipality may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law."

In accordance with this constitutional provision, the Legislature repealed Section 4227-2 and adopted Section 4227-3 (103 O. L., 211, 212), providing:

"Whenever the council of any municipal corporation is by law required to pass more than one ordinance or other measure to complete the legislation necessary to make and pay for any public improvement, the provisions of this act shall apply only to the first ordinance or other measure required to be passed and not to any subsequent ordinances and other measures relating thereto."

Counsel for plaintiff contend that under this provision, the omission of the word "resolution," upon which a referendum was granted under the previous law, shows the intention of the

Legislature that there should be no referendum on any resolution, and further that the statute, if it should apply to a resolution, is unconstitutional because voting upon a resolution is not voting upon a "question" as provided under the constitutional amendment. Counsel for plaintiff further contend that the appropriation of property for street extension is not an improvement, as the word is used in Section 4227-3.

I am of the opinion that all these objections are not well taken.

As to the constitutionality of the act—all laws of the Legislature and ordinances of council are presumed to be valid unless it appears beyond a reasonable doubt that their constitutionality can not be upheld. A careful reading of Section 4227-3 convinces me that the statute is not unconstitutional and that the power reserved to the people under Article II, Section 1f, of the Constitution, to have a referendum on all questions which the municipality may now or hereafter be authorized to control by legislative action, is safeguarded.*

The question, therefore, is, whether the resolution declaring the intention to appropriate, adopted June 21, 1915, was subject to a referendum under the terms of Section 4227-3.

That section provides that—

"Whenever the council of any municipal corporation is by law required to pass more than one ordinance or other measure to complete the legislation necessary to make and pay for any public improvement, the provisions of this act shall apply only to the first ordinance or other measure required to be passed and not to any subsequent ordinances and other measures relating thereto."

A resolution is not an ordinance. Is it a measure as the term is used in the statute?

All the dictionaries, Webster, Century, and Oxford, define "measure" as follows:

---

*Since this opinion was written, the Supreme Court has handed down an opinion, in the case of *Shyrock* v. *Zanesville*, 93 Ohio St., —, in which the Supreme Court, in an opinion concurred in by all but one judge, expressly holds that Section 4227-3, G. C., as amended in 103 O. L., 212, is constitutional.

"Anything devised or done with a view to the accomplishment of a purpose; a plan or course of action intended to obtain some object; a legislative enactment proposed or adopted; any course of action proposed or adopted by a government."

Now, inasmuch as under Section 3679, the passage of a resolution declaring the intent to appropriate property is a condition precedent to the appropriation ordinance, it necessarily follows that a resolution is a measure required by law to complete the legislation necessary to make and pay for any public improvement, and the extension of a street is a public improvement.

A referendum having been had upon this measure, that is, upon the resolution declaring the intent to appropriate, it necessarily follows that by the very terms of Section 4227-3, it is not necessary to have an additional referendum. That this must be so necessarily follows from the very nature of a referendum. What is the object of a referendum? It is to permit the electors of the district within which the referendum may be had to express their approval or disapproval of the measure adopted by council or by that body whose acts can be reviewed by means of a referendum. In other words, it is an opportunity given by the Constitution and the laws to the electors to express their opinion upon the policy about to be pursued by the legislative body, be it a General Assembly or a council. It can not be urged that the electors of the city of Norwood were not fully advised of what they were voting upon, for the ballot itself, as quoted above, clearly shows what the purpose was. In bold type appears the question:

"Special Election on the Question of Appropriating Property for Street Purposes," and then appears the text: "Shall the resolution of the city of Norwood, entitled: 'A resolution declaring its intention to appropriate for street purposes certain real estate for the extension of Crown avenue,' passed June 21, 1915, be approved?"

Being, therefore, of the opinion that the resolution declaring the intention of council to appropriate is a measure within the meaning of the words used in Section 4227-3 (103 O. L., 212), and such a resolution being the first step necessary to be taken

by council in completing legislation for the purpose of making and paying for a public improvement, and the appropriation of property for the extension of a street being a public improvement, I am of the opinion that it is not necessary to hold another election upon the appropriating ordinance. To come to any other conclusion would be against public policy. It is for the voters to declare at the outset whether a proposed improvement is to be made or not. It saves unnecessary expense in the future if the resolution, which is the first necessary step, is defeated. The mere fact that council may decide not to proceed with the improvement, although authorized by the electors to do so, is no answer to the proposition that it is the first necessary step, because council has the right at any time, even after the passage of the appropriation ordinance, to discontinue all proceedings under it, and even after the condemnation suit has been brought and the jury returned its verdict, council may, within six months, decline to accept the verdict as being excessive or for any other reason that it sees fit and proper. In this particular case there is an additional reason why the plaintiff is not entitled to the relief prayed for. One of the signers of the referendum petition, voted upon at the November 2, 1915, election, was the husband of the plaintiff, and he was also one of the signers of the petition asking for an election upon the passage of the appropriation ordinance. Under these circumstances, it seems to me that the plaintiff is estopped from asking for a second election when her husband was instrumental in getting up the first petition upon which an election was held. It may be presumed that her husband was acting by and with her consent and knowledge and was her agent for the purpose mentioned.

Upon the whole case I am of the opinion that the plaintiff is not entitled to the relief prayed for; that the proceedings are regular and in accordance with all statutory requirements; and that a resolution of council declaring its intention to appropriate property for the extension of the street is the first necessary step in such legislation and is a measure upon which a referendum must be held.

A decree dismissing the petition may be drawn.